Brian DOTSON, Appellant,

v.

**GRAND PRAIRIE INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 05–04–00406–CV.

Court of Appeals of Texas, Dallas.

April 27, 2005.

Robert J. West, Austin, for Appellant.

Edgar Oran Coble, Fort Worth, for Appellee.

Before Justices MORRIS, WHITTINGTON, O'NEILL.

## OPINION

Opinion by Justice MORRIS.

This is an appeal from a dismissal for want of jurisdiction. In a single issue on appeal, Brian Dotson argues the trial court erred in ruling it did not have subject matter jurisdiction over his suit because he failed to exhaust his administrative remedies. Dotson contends the relief he sought could not have been granted by the administrative agency and, therefore, he was not required to exhaust his administrative remedies. We disagree with Dotson's contention and affirm the trial court's dismissal of the suit.

## I.

Brian Dotson was employed as a teacher at a middle school in the Grand Prairie Independent School District. In May 2001, Dotson filed a level I grievance with the District complaining that he had not been compensated for work he performed in an after-school detention program. According to Dotson, in response to the grievance, he received a written response from his supervisor denying his request for back-pay.

Dotson then filed a level II grievance challenging his supervisor's decision. This grievance was heard by the assistant superintendent of human resources for the District. The assistant superintendent granted Dotson's request for back-pay for one year. He also stated that Dotson would be reassigned to a high school in the District "in order to resolve the conflict existing between the grievant and campus administration."

Dotson believed he was entitled to at least four years back-pay for his work in the after-school detention program and, accordingly, filed a level III grievance appealing the assistant superintendent's decision. While the level III grievance was pending, Dotson alleges he was subjected to various forms of retribution for filing the grievance, including being denied duty-free lunches, planning periods, and reasonable access to the restrooms. Dotson filed grievances on these matters as well.

On February 14, 2002, the District's board of trustees considered Dotson's various grievances concerning both the back-pay issue and the alleged retaliation. Although no decision by the board of trustees appears in the record, Dotson

contends the board upheld the previous administrative rulings. Dissatisfied with this result, Dotson filed a petition for review with the Commissioner of Education. Dotson's petition states that the Commissioner has jurisdiction over the matter pursuant to section 7.057 of the Texas Education Code.

On August 2, 2002, before the Commissioner was able to conduct a hearing on Dotson's petition for review, Dotson filed an original petition and request for injunctive relief in the trial court. Dotson alleged in his state court suit that the District breached his employment contract by not compensating him for his work in the after-school detention program. Dotson further alleged the acts of retaliation against him for filing a grievance violated the District's policy against retaliation, which he alleged was incorporated into his employment contract. Finally, Dotson requested injunctive relief to prevent the District from reassigning him. After filing his suit in the trial court, Dotson sought a nonsuit of his claims before the Commissioner of Education. On August 15, 2002, Dotson's request for a nonsuit was granted and his claims before the Commissioner were dismissed with prejudice.

In response to Dotson's suit in the trial court, the District filed an answer and a plea to the jurisdiction. The District argued that because Dotson did not pursue his claims with the Commissioner of Education, he failed to exhaust his administrative remedies. The trial court granted the District's plea and dismissed Dotson's suit for want of jurisdiction. This appeal ensued.

## II.

Dotson's sole issue on appeal is whether the trial court erred in concluding it did not have subject matter jurisdiction over his suit. Dotson acknowledges that a party whose claims relate to the administration of school laws must generally exhaust administrative remedies with the Commissioner of Education before seeking relief from the courts. *See Gutierrez v. Laredo Indep. Sch. Dist.*, 139 S.W.3d 363, 366 (Tex.App.-San Antonio 2004, no pet.). Dotson further acknowledges that the Commissioner of Education is authorized to review claims involving actions or decisions by a school board that allegedly violate either the school laws of the state or a provision of a written employment contract between a school district and an employee of the district if the violation would cause the employee to suffer monetary harm. TEX. EDUC.CODE ANN. § 7.057 (Vernon Supp.2004–5). It is clear that Dotson's claims alleging the District breached his employment contract and violated a school policy he alleged was incorporated into his employment contract are claims within the jurisdiction of the Commissioner of Education. *See id.* Indeed, Dotson stated in his petition for review filed with the Commissioner that his claims were among those the Commissioner was statutorily authorized to hear. Dotson argues, however, that his suit falls within one of the exceptions to the exhaustion of remedies doctrine and, therefore, he was not required to pursue his claims with the Commissioner of Education before filing suit in state court.

■ There are several recognized exceptions to the rule that claimants seeking relief from the administration of school laws must exhaust administrative remedies before filing suit in state court. Exhaustion of administrative remedies is not necessary if: (1) the aggrieved party will suffer irreparable harm and the administrative agency is unable to provide relief; (2) the claims are for a violation of a constitutional or federal statutory right; (3) the cause of action involves pure questions

of law and the facts are not disputed; (4) the Commissioner of Education lacks jurisdiction over the claims; (5) the administrative agency acts without authority; or (6) the claims involve parties acting outside the scope of their employment with the school district. *See Gutierrez*, 139 S.W.3d at 366; *Jones v. Dallas Indep. Sch. Dist.*, 872 S.W.2d 294, 296 (Tex.App.-Dallas 1994, writ denied); *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 773–74 (Tex.App.-Houston [14th Dist.] 1991, writ denied); *See also, Houston Fed'n of Teachers, Local 2415 v. Houston Indep. Sch. Dist.*, 730 S.W.2d 644, 646 (Tex.1987). Dotson does not contend his suit involves pure questions of law or a claim under a federal statute. Neither does he assert that any administrative agency acted without authority or that the parties were acting outside the scope of their employment by the District. Finally, as discussed above, it is clear that Dotson's claims fall squarely within the scope of the jurisdiction granted to the Commissioner of Education. Accordingly, we address only the potential applicability of the irreparable harm and the constitutional claim exceptions to Dotson's claims for relief.

■ With respect to the irreparable harm exception, Dotson argues there was no need for him to exhaust his administrative remedies with the Commissioner of Education because the Commissioner did not have the power to grant his request for injunctive relief. Dotson contends the injunctive relief was necessary to prevent the District from retaliating against him and reassigning him to a different school. The fact that the Commissioner did not have the authority to grant Dotson's request for injunctive relief is not sufficient by itself, however, to place Dotson's claims under the irreparable harm exception. Dotson must also show how the District's

alleged acts of retaliation would cause him irreparable harm for which a later award of damages would not provide adequate compensation. *See Houston Fed'n of Teachers, Local 2415*, 730 S.W.2d at 646; *see also, Mitchison*, 803 S.W.2d at 773.

■ The Commissioner of Education has the authority to reverse a decision of the school board, award back-pay, and reinstate a teacher to his former position. *See Harlandale Indep. Sch. Dist. v. Rodriguez*, 121 S.W.3d 88, 94 (Tex.App.-San Antonio 2003, no pet.). In general, a teacher's claims of discrimination and breach of contract against a school district do not involve irreparable harm such that the aggrieved party may bypass these administrative remedies. *See Gutierrez*, 139 S.W.3d at 367. In this case, Dotson fails to show how the District's alleged actions would cause him any harm other than economic harm for which a later award of damages would provide adequate compensation. Therefore, the irreparable harm exception is not applicable to his claims. *See Mitchison*, 803 S.W.2d at 773.

■ Dotson additionally argues the District's actions violated his rights under Article I, section 27 of the Texas Constitution. Article I, section 27 grants citizens the right to "apply to those invested with the powers of government for redress of grievances or other purposes." TEX. CONST. Art. I, § 27. Dotson does not explain how the District's alleged actions violated his constitutional right to seek redress. His claims against the District are solely for alleged breach of his employment contract.

■ Where the constitutional claims brought by a school employee are only "ancillary to and supportive of a complaint about the board's handling of an employment contract or application of school law," the employee must first exhaust the ad-

ministrative process. *See Jones v. Clarksville Indep. Sch. Dist.,* 46 S.W.3d 467, 474 (Tex.App.-Texarkana 2001, no pet.). In this case, Dotson's constitutional complaints do not stand alone as an attack on the actions or policies of the District. His claim under Article I, section 27 is merely supportive of his breach of contract claim. Accordingly, the constitutional claim exception does not exempt Dotson from the requirement that he exhaust his administrative remedies.

Because none of the exceptions to the exhaustion of administrative remedies doctrine applies to Dotson's claims in this case, Dotson was required to pursue his claims with the Commissioner of Education before filing suit in state court. We resolve Dotson's sole issue against him. We affirm the trial court's dismissal of this suit.