Jeffrey NELSON, Alfred P. Schoelen, Jr., and Timothy Stecker,
Appellants,

v.

CITY OF DALLAS and Chief David Kunkle, Appellees.

No. 05–08–00335–CV.

Court of Appeals of Texas, Dallas.

Feb. 4, 2009.

Rehearing Overruled March 17, 2009.

David A. Schiller, John D. Exline, The Shiller Firm, Plano, for Appellants.

Barbara E. Rosenberg, City of Dallas Attorney's Office, for Appellees.

Before Justices MOSELEY, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice MOSELEY.

The dispositive issue in this appeal is whether the City of Dallas has primary jurisdiction or exclusive jurisdiction over the initial determination of disciplinary issues concerning its police officers. Because we conclude it does, we affirm the trial court's order granting the plea to the jurisdiction and abating the suit.

## I. BACKGROUND

Appellants, Dallas police officers Jeffrey Nelson, Alfred P. Schoelen, Jr., and Timothy Stecker ("the officers"), sued the City of Dallas and its police chief, David Kunkle (collectively, "appellees"). The officers alleged appellees were in the process of taking disciplinary action against them and the impending disciplinary actions arose from one or more investigations that were conducted by the police department in violation of certain provisions in the Texas Government Code that govern complaints against law enforcement officers.[1] The officers did not seek monetary damages, but

---

1. The code provisions alleged are sections 614.021, 614.022, and 614.023 of the Texas Government Code. TEX. GOV'T CODE ANN. §§ 614.021–.023 (Vernon Supp.2008). Section 614.021 provides that the subchapter applies only to complaints against listed law enforcement officers and firefighters, including "a peace officer under Article 2.12, Code of Criminal Procedure, or other law who is appointed or employed by a political subdivi-

sion of this state." TEX. GOV'T CODE ANN. § 614.021.

Sections 614.022 and 614.023 provide:
§ 614.022. Complaint to be in Writing and Signed by Complainant
To be considered by the head of a state agency or by the head of a fire department or local law enforcement agency, the complaint must be:

rather a temporary restraining order, temporary injunction, and permanent injunction stopping the disciplinary proceeding and related investigations.[2] The officers also sought a declaratory judgment construing the statutory provisions they claim appellees violated, and a writ of mandamus ordering Kunkle "to comply with the law and to cease all activities in violation of the aforementioned Government Code provisions, including but not limited to: [the four items set forth in appellants' request for injunctive relief]."

Appellees filed a plea to the jurisdiction, seeking dismissal of the officers' claims. Among other things, appellees asserted the trial court lacked subject-matter jurisdiction over the officers' claims because they had not exhausted their administrative remedies, because their claims were not ripe for adjudication, and because there was no legislative waiver of appellees' immunity from suit. After a hearing, the trial court granted the plea to the jurisdiction and abated the case until the officers exhausted their administrative remedies.

The officers appealed. *See* TEX. CIV. PRAC. & REM.CODE § 51.014(8) (Vernon 2008). Appellees did not file a cross-appeal. In a single issue, the officers contend the trial court erred by granting appellees' plea to the jurisdiction and abating the case for the exhaustion of their administrative remedies. The officers argue neither the primary jurisdiction doctrine nor the exclusive jurisdiction doctrine apply here to support the trial court's order abating the case until administrative remedies are exhausted. They also argue that if either doctrine applies here, nevertheless one of several exceptions to excuse them from exhausting their administrative remedies.

## II. APPLICABLE LAW

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Bland In-*

---

(1) in writing; and

(2) signed by the person making the complaint.

§ 614.023. Copy of Complaint to be Given to Officer or Employee

(a) A copy of a signed complaint against a law enforcement officer of this state or a fire fighter, detention officer, county jailer, or peace officer appointed or employed by a political subdivision of this state shall be given to the officer or employee within a reasonable time after the complaint is filed.

(b) Disciplinary action may not be taken against the officer or employee unless a copy of the signed complaint is given to the officer or employee.

(c) In addition to the requirement of Subsection (b), the officer or employee may not be indefinitely suspended or terminated from employment based on the subject matter of the complaint unless:

(1) the complaint is investigated; and

(2) there is evidence to prove the allegation of misconduct.

TEX. GOV'T CODE ANN. § 614.022, .023.

2. Specifically, they sought to temporarily and permanently enjoin appellees from:

1. Taking disciplinary against [the officers] and in particular conducting the disciplinary hearing set for December 18, 2007;

2. Continuing any investigation or disciplinary action against [the officers];

3. Conducting any further investigations on the same issues investigated in the unlawful investigation; and

4. Opening any new investigations based on evidence gathered in the unlawful investigation or investigations.

The officers also sought a writ of mandamus ordering Kunkle "to comply with the law and to cease all activities in violation of the aforementioned Government Code provisions, including but not limited to: [the four items set forth in appellants' request for injunctive relief]."

*dep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Whether a trial court has subject matter jurisdiction is a question of law to be reviewed de novo. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002); *Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 222 (Tex.2002) (issues of primary or exclusive jurisdiction). In performing this review, we do not look to the merits of the plaintiff's case, but consider only the pleadings and the evidence pertinent to the jurisdictional inquiry. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex.2004); *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002).

### B. Primary and Exclusive Jurisdiction

■ The primary jurisdiction and exclusive jurisdiction doctrines both relate to administrative law; nevertheless, they are "distinctly different doctrines that have different consequences when applied." *Subaru of Am., Inc.,* 84 S.W.3d at 221. The doctrine of primary jurisdiction "allocate[s] power between courts and agencies when both have authority to make initial determinations in a dispute." *In re Sw. Bell Tel. Co., L.P.,* 226 S.W.3d 400, 403 (Tex.2007) (quoting *Subaru of Am., Inc.,* 84 S.W.3d at 221). Trial courts should defer to appropriate administrative agencies when (1) the agency is staffed with experts trained in handling complex problems within the agency's purview, and (2) great benefit is derived from the agency's uniform interpretation of laws within its purview and the agency's rules and regulations when courts and juries might reach differing results under similar fact situations. *Id.*

■ While primary jurisdiction is prudential in nature, exclusive jurisdiction is jurisdictional. *See Subaru of Am., Inc.,* 84 S.W.3d at 221. Under the exclusive juris-

diction doctrine, the legislature is considered to have granted an administrative agency the sole authority to make an initial determination in a dispute. *See id.* An agency has exclusive jurisdiction when a pervasive regulatory scheme indicates the legislature intended the regulatory process to be "the exclusive means of remedying the problem to which the regulation is addressed." *Id.* (citation omitted). Thus whether an agency has exclusive jurisdiction depends on statutory interpretation. *Id.; see e.g., Thomas v. Long,* 207 S.W.3d 334 (Tex.2006) (supreme court interprets statute governing creation and operation of sheriff's department civil service commission and concludes, despite absence of "exclusive jurisdiction" language, that commission has exclusive jurisdiction over relevant employment matters).

■ If the administrative agency has either primary jurisdiction or exclusive jurisdiction, the trial court should await the exhaustion of administrative remedies before proceeding, if at all. *See Subaru of Am., Inc.,* 84 S.W.3d at 221 ("If the primary jurisdiction doctrine requires a trial court to defer to an agency to make an initial determination, the court should abate the lawsuit and suspend finally adjudicating the claim until the agency has an opportunity to act on the matter."); *id.* ("[I]f an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action.").

### C. The City's Administrative Process

■ The City of Dallas is a home-rule municipal corporation. *Lowenberg, v. City of Dallas,* 261 S.W.3d 54, 58 (Tex.2008). Home-rule cities have broad discretionary powers, provided that no ordinance "shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this

State." Tex. Const. art. XI, § 5. They possess the full power of self government and look to the legislature not for grants of power, but only for limitations on their power. *Dallas Merchant's and Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 489–90 (Tex.1993).

The City has not adopted the state civil service provisions, instead using its own civil service provisions adopted in its charter and ordinances. *See Cooper v. City of Dallas*, 229 S.W.3d 860, 863 (Tex.App.-Dallas 2007, pet. denied); *see also* Tex. Local Gov't Code Ann. § 143.002 (Vernon Supp.2008); *see generally id.* §§ 143.001–.363 (Vernon 1999 & Supp.2008) (municipal civil service for firefighters and police officers). The City's charter authorizes the police chief to discipline officers, and provides an administrative procedure for contesting and appealing the police chief's discipline decisions. Dallas, Tex., Charter ch. XII, § 4. After discipline has been imposed, the officer may appeal to the city manager. *Id.* If the discipline is upheld by the city manager, the officer may appeal to the civil service trial board or an administrative law judge. Dallas, Tex., Charter ch. XVI, § 12.1; Dallas, Tex., Code § 34–40. The charter and ordinances establish detailed procedures for the hearing before the trial board or administrative law judge. *See* Dallas, Tex., Charter ch. XVI, §§ 12, 12.1; Dallas, Tex., Code § 34–40. Either party may appeal the decision of the trial board or administrative law judge to state district court. Dallas, Tex., Charter ch. XVI, § 12(b); Dallas, Tex., Code § 34–40(f)(2)(A). "The appeal to the district court must be decided upon review of the record of the hearing." Dallas, Tex., Code § 34–40(f)(2)(B); *see also* Dallas, Tex., Charter ch. XVI, § 12(b) ("the matter must be decided based upon the review of the record" of the hearing before the administrative law judge).

## III. ANALYSIS

### A. Waiver

The officers argue appellees did not assert the primary jurisdiction doctrine in their plea to the jurisdiction and that appellees requested only dismissal of the suit, not abatement. Although a plea in abatement might be the more appropriate device to raise a primary jurisdiction argument, the plea clearly argued that the officers were required to exhaust their administrative remedies as "a prerequisite to subject-matter jurisdiction for this suit." Moreover, the order being appealed abated the case, which would be the result of a determination that the City had primary jurisdiction. The appellees did not file a cross-appeal complaining of the trial court's failure to dismiss the suit outright. Thus, it does not appear from this record that the officers were prejudiced by appellees' argument for greater relief—dismissal without prejudice—under the exclusive jurisdiction doctrine rather than for an abatement under the exhaustion requirement for primary jurisdiction

### B. Primary Jurisdiction

The officers next argue that the City does not have primary jurisdiction because the legislature has not conferred authority on the City to interpret and apply government code sections 614.022 and 614.023. The officers also argue the elements for primary jurisdiction are not met because the City and the police chief are not experts in how to interpret and determine the scope and effect of state statutes, and because there is no great benefit in allowing the City to interpret sections 614.022–.023.

However, the officers frame the scope of the City's administrative process too narrowly. The subject of the City's adminis-

trative procedure is whether or not to discipline the officers—members of Dallas Police Department—for alleged misconduct. The issue before the trial court, and before us, is whether the City may make the initial determination of that dispute through its administrative procedures, before the parties are allowed to resort to the courts. Thus the scope of the administrative proceeding is broader than the interpretation of sections of the government code.

Here the City charter clearly gives the City—through its chief of police—the right to "discipline any of the officers ... for violations of city ordinances or federal or state law, or for failure to obey orders given by the proper authority, or the orders, rules, and regulations promulgated by the chief of police." DALLAS, TEX., CHARTER ch. XII § 4. That determination is subject to review by other personnel within the City, and is subject to review in district court based on the administrative record. See DALLAS, TEX., CHARTER ch. XVI, §§ 12, 12.1; DALLAS, TEX., CODE § 34–40.

Whether an officer's actions warrant discipline and, if so, the amount of such discipline, are complex problems within the purview of the City, and the City-through its chief of police and the other personnel involved in the City's administrative disciplinary procedure—is staffed with experts trained in handling those complex problems. See In re Sw. Bell Tel. Co., L.P., 226 S.W.3d at 403. Moreover, if courts and juries made the initial determination of police disciplinary issues, they may reach differing results under similar fact situations. This would result in increased uncertainty and less uniformity in police disciplinary issues, undermining both the

City's authority to operate and manage the department and the confidence of the public and the police officers that discipline issues will be handled in a uniform manner. Thus, there is a significant benefit derived from the City's uniform interpretation of the police department's rules and regulations. See id.

■ We conclude the City has primary jurisdiction over the discipline of its police officers under the City charter and ordinances. This conclusion is unaffected by the officers' other claims for declaratory, injunctive, and mandamus relief. See Thomas, 207 S.W.3d at 342 (bringing suit as declaratory judgment action did not change exclusive jurisdiction analysis where subject matter of action was "same subject matter over which the Legislature intended the Commission to exercise exclusive jurisdiction"). Similarly, an agency does not lack primary jurisdiction merely because it lacks power to adjudicate all claims a party may desire to raise. See In re Sw. Bell Tel. Co., L.P., 226 S.W.3d at 404 ("Although the PUC cannot grant all the relief that the plaintiffs request, the PUC is authorized to make initial determinations regarding the validity of the interconnection agreements and their interpretation.... Once the PUC has made its determinations regarding the interconnection agreements, then the trial court may proceed with its adjudicative function.").

C. Exceptions to Exhaustion Requirement

■ Even if the City has primary jurisdiction, there are exceptions to the exhaustion requirement, and the officers claim that several apply. See Dotson v. Grand Prairie Indep. Sch. Dist., 161 S.W.3d 289, 291–92 (Tex.App.-Dallas 2005, no pet.).[3]

---

**3.** "Exhaustion of administrative remedies is not necessary if: (1) the aggrieved party will

suffer irreparable harm and the administrative agency is unable to provide relief; (2) the

We disagree, however. The officers claim they will suffer irreparable injury if required to exhaust their administrative remedies, but the injury they claim is damage to their reputations and loss of future income and benefits—all of which can be compensated for by money damages. Moreover, these possible damages would result from the discipline, if any, imposed by the City, not from the administrative process itself. *See Houston Fed'n of Teachers, Local 2415 v. Houston Indep. Sch. Dist.*, 730 S.W.2d 644, 646 (Tex.1987); *Dotson*, 161 S.W.3d at 292. Further, as noted above, that the agency may not be able to provide all relief requested does not excuse the exhaustion requirement. *See In re Sw. Bell Tel. Co., L.P.*, 226 S.W.3d at 404; *Dotson*, 161 S.W.3d at 292.

■ The officers next claim appellees have violated and will continue to violate their due course of law rights under the Texas constitution. TEX. CONST. art. I, § 19.[4] However, it is the officers who are attempting to avoid the very process that is due in this circumstance—administrative review of employee discipline under the City's charter and ordinances, followed by judicial review in the courts if necessary. As this Court has recognized, "[d]ue process requires a public employer to provide its employee: (1) oral or written notice of the charges against him; (2) an explana-

tion of the employer's evidence; (3) a fair opportunity for the employee to present his side of the story; and (4) a full evidentiary post-termination hearing conducted at a meaningful time." *Baca v. City of Dallas*, 796 S.W.2d 497, 499 (Tex.App.-Dallas 1990, no writ) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)). The officers' allegations that appellees have or will violate sections 614.022–.023 by disciplining them do not rise to the level of constitutional due course of law violations warranting an exception to the exhaustion requirement. *See Tex. Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 91 (Tex.1992) (discharged employees' assertion of federal due process rights and violations of Title 42 of the United States Code did not excuse exhaustion of administrative remedies under Texas Education Code).

■ The officers also assert the determination of the whether appellees have or will violate sections 614.022–.023 is purely a question of law and the facts are undisputed. The officers contend Appellees violated sections 614.022–.023 when they considered an anonymous letter in connection with the disciplinary proceedings. Appellees dispute this contention and argue the disciplinary investigation was based on a signed complaint detailing the specific alle-

claims are for a violation of a constitutional or federal statutory right; (3) the cause of action involves pure questions of law and the facts are not disputed; (4) the Commissioner of Education lacks jurisdiction over the claims; (5) the administrative agency acts without authority; or (6) the claims involve parties acting outside the scope of their employment with the school district." *Id.*

4. There is a authority that this exception applies only to alleged violations of the federal constitution and statutes. *See Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396, 402 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *Janik v. Lamar Consol. Indep. Sch.*

*Dist.*, 961 S.W.2d 322, 323–24 (Tex.App.-Houston [1st Dist.] 1997, writ denied); *Hicks v. Lamar Consolidated Indep. Sch. Dist.*, 943 S.W.2d 540, 542 (Tex.App.-Eastland 1997, no writ). In an unpublished opinion, this Court concluded the better rule was set out in *Hicks* that this exception is merely a special case of the third exception for claims involving pure questions of law and undisputed facts. *See Dallas Cent. Appraisal Dist. v. Hamilton*, No. 05–99–01401–CV, 2000 WL 1048537 at *6, 2000 Tex.App.LEXIS 5069 at *16–*17 (Tex. App.-Dallas 2000, no pet.) (not designated for publication).

gations against the officers and that the complaint was given to them within a reasonable time. We conclude the officers' claims do not involve pure questions of law and undisputed facts.

The last two exceptions are argued together. The officers argue the City lacks jurisdiction over their claims and it is acting without authority. Initially, we reject any argument the City lacks jurisdiction or authority to discipline its police officers under the procedures set out in its charter and ordinances. The officers equate sections 614.022–.023 with statutory prerequisites to an agency's jurisdiction and authority to act, and argue the violation of those sections deprives the City of jurisdiction and authority to act. The supreme court has rejected the notion that failure to follow statutory provisions deprives a court of jurisdiction. *See Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76–77 (Tex.2000) ("We therefore overrule *Mingus* [*v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (1926)] to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional.").

Further, we do not read sections 614.022–.023 as statutory prerequisites to the jurisdiction or authority of the City to discipline its officers. Certainly those sections apply to any complaint against a peace officer within the scope of the statute, *see* TEX. GOV'T CODE ANN. § 614.021. However they do not limit the City's jurisdiction or authority to act, and their alleged violation does not deprive the City of jurisdiction or authority or obviate the need for exhaustion of administrative remedies. Even if the City erroneously applies the sections, that error can be addressed in the administrative process and ultimately in the courts under the judicial review provided by the City charter and ordinances.

We conclude none of the recognized exceptions to the exhaustion requirement apply in this case. We overrule the officers' sole issue.

## IV. CONCLUSION

Because the City has primary jurisdiction over the disputes at issue in this case and no exception to the exhaustion requirement applies, the trial court properly abated the case until the officers exhausted their administrative remedies. We need not decide if the exclusive jurisdiction doctrine also applies in this case because in either case, the trial court should defer to the City to make an initial determination regarding discipline of its officers. *See In re Sw. Bell Tel. Co., L.P.,* 226 S.W.3d at 403; *Subaru of Am., Inc.,* 84 S.W.3d at 221. We affirm the trial court's order.