Opinion issued
July 7, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00485-CV

———————————

ADRIENNE GALLIEN, Appellant

V.

HOUSTON
INDEPENDENT SCHOOL DISTRICT, Appellee



 



 

On Appeal from the 295th
District Court

Harris County, Texas



Trial Court Case No. 2007-14685

 



 

 

MEMORANDUM
OPINION

          Adrienne
Gallien sued her former employer, Houston Independent School District (“HISD”),
for breach of contract and for violation of the Texas Whistleblower Act. [1]  The trial court granted summary judgment in
favor of HISD, concluding that Gallien had failed to exhaust her administrative
remedies before filing suit.  In two
issues, Gallien appeals the summary judgment. 

          We
affirm, as modified.

Background

From 1995 until 2004, Adrienne
Gallien worked as a teacher for HISD.  In
2004, HISD assigned Gallien to the position of high school registrar.  One year later, HISD removed Gallien from the
position and reassigned her to a teaching position.  Gallien’s employment with HISD ended in
2006.  The parties disagree whether
Gallien resigned or whether HISD terminated her teaching contract.  

          Gallien
filed suit against HISD on March 6, 2007. 
In her original petition, Gallien alleged that, while in the position of
registrar, she observed and reported to the high school principal a number of
record keeping discrepancies, which violated HISD policy.  Gallien asserted that, over time, she “became
the target of retaliation and harassment by the principal.”  Gallien alleged that, in May 2005, the
principal’s “continued [] harassment, defamation and retaliatory acts” led her
to file “a claim of harassment due to whistle blowing and retaliation with the
HISD office of Equal Employment Opportunity (EEO).”  

In 2005, Gallien was
reassigned to a teaching position.  She
alleged that she “continued to report misconduct and record discrepancies to
the HISD.”  At that time, Gallien also initiated
“the employee grievance process.”  

Gallien took a medical leave
of absence.  During this period, Gallien
submitted her resignation.  Gallien,
however, returned to work in March 2006 as a clerk in HISD’s Career and
Technology Education Department.  

          Gallien
alleged that, in April 2006, HISD sent her an employment contract for the
following school year, which she accepted by signing and returning to HISD.  In May 2006, Gallien was told during a
meeting that an audit had uncovered “record errors” at the high school at which
she had served as registrar.  The next
month the school board upheld the principal’s decision to remove Gallien from
the registrar position.  

          Gallien
also alleged that in July 2006, she received a letter from HISD informing her that
the contract that she had returned in April had been sent to her in error.  HISD took the position that the contract
would not be honored because Gallien had resigned from HISD while she was on
medical leave.  

          The
day before school started in August 2006, Gallien was offered a substitute
teacher position with HISD, which she accepted.  Gallien alleged that in September 2006, she
was informed that she could no longer work as a substitute teacher because the
necessary paperwork had not been received. 
That same month, Gallien “filed a complaint of discrimination based on
race with the United States Equal Employment Opportunity Office [EEOC].”  Gallien alleged that HISD had replaced her,
an African-American female, with a Hispanic female without following its own employee
discipline procedures.  

          Gallien
claimed in her original petition that HISD “discriminated against [her] on the
basis of her race and retaliated against her for engaging in a protected
activity.”  Gallien also asserted a
breach of contract claim.  Gallien filed
an amended petition in which she asserted claims, including discrimination
claims, similar to those asserted in her original petition.

          Gallien
filed her second amended petition on November 18, 2008.  Gallien alleged causes of action based on
violations of the Texas Education Code and the Texas Whistleblower Act.  She also asserted claims for breach of
contract and retaliation.  Gallien did
not allege discrimination based on race as she had in her original and first
amended petitions.  

          HISD
filed a motion for summary judgment asserting that Gallien’s claims should be
dismissed for lack of subject-matter jurisdiction because Gallien had not
exhausted her administrative remedies. 
HISD also averred that Gallien’s retaliation claim under the
Whistleblower Act was barred by limitations. 
Gallien responded, asserting that HISD did not meet its summary-judgment
burden.  

          The
trial court granted summary judgment in HISD’s favor.  The trial court’s order indicates that it
granted summary judgment “because Plaintiff has not exhausted her
administration remedies and, therefore, this Court does not have
jurisdiction.”  

          Gallien
now appeals the trial court’s judgment in two issues.  Gallien frames her first issue as follows:
“The trial court erred in finding that Appellant failed to seek and pursue
required administrative remedies sufficient to vitiate the jurisdictional basis
of every alleged cause of action or any such cause that might have been alleged
by pleading amendment.”  In her second
issue, Gallien contends, “[T]he trial court erred in granting summary judgment
of all [sic] claims without conclusive evidence establishing the absence of
issuable facts as to the question of jurisdiction.”  

Standard of Review

          To prevail on a
“traditional” Rule 166a(c) summary-judgment motion, a movant must prove that there
is no genuine issue regarding any material fact and that it is entitled to
judgment as a matter of law.[2]  See Tex. R. Civ. P. 166a(c); Little v. Tex. Dep’t of Criminal Justice,
148 S.W.3d 374, 381 (Tex. 2004).  A
plaintiff moving for summary judgment must conclusively prove all essential
elements of its claim.  See Rhone–Poulenc, Inc. v. Steel, 997
S.W.2d 217, 223 (Tex. 1999).

A defendant may prevail by
traditional summary judgment if it conclusively negates at least one essential
element of a plaintiff’s cause of action.  See IHS
Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798
(Tex. 2004).  A movant seeking
traditional summary judgment on an affirmative defense has the initial burden
of establishing entitlement to judgment as a matter of law by conclusively
establishing each element of his affirmative defense.  See Chau
v. Riddle, 254 S.W.3d 453, 455 (Tex. 2008); see also Tex. R. Civ. P.
166a(b)–(c).
 A matter is conclusively established if
reasonable people could not differ as to the conclusion to be drawn from the
evidence.  See City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005).

If the movant meets its
burden, the burden then shifts to the nonmovant to raise a genuine issue of
material fact precluding summary judgment.  See
Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).  The evidence raises a genuine issue of fact if
reasonable and fair-minded jurors could differ in their conclusions in light of
all of the summary-judgment evidence.  Goodyear Tire & Rubber Co. v. Mayes,
236 S.W.3d 754, 755 (Tex. 2007).

On appeal, we review de novo
a trial court’s summary judgment ruling.  See Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).  In our review, we consider
all the evidence in the light most favorable to the nonmovant, crediting
evidence favorable to the nonmovant if reasonable jurors could, and
disregarding contrary evidence unless reasonable jurors could not.  See Mack
Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006).

We consider all grounds on
which the trial court ruled that are preserved for review and that are
necessary for disposition of the appeal.  See
Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 626 (Tex. 1996).  We may consider other preserved grounds in the
interest of judicial economy.  See id.  We must affirm the summary judgment if any one
of the grounds presented to the trial court is meritorious.  See
Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003).

Breach of Contract Claim:
Failure to Exhaust Administrative Remedies

          On
appeal, Gallien contends that it was improper to grant summary judgment against
her based on HISD’s assertion that she failed to exhaust her administrative
remedies before filing suit.  HISD agrees
that failure to exhaust administrative remedies would not support summary
judgment on Gallien’s whistleblower claim, but it maintains that summary
judgment on this ground was appropriate regarding Gallien’s breach of contract
claim.[3]  

A.      Relevant Legal Principles

          Typically,
if an agency has exclusive jurisdiction, a party must exhaust all
administrative remedies before seeking judicial review of the agency’s action. Subaru of Am., Inc. v. David McDavid Nissan,
Inc., 84 S.W.3d 212, 221 (Tex. 2002) (citing Cash Am. Int’l Inc. v. Bennett, 35 S.W.3d 12, 15 (Tex. 2000)).  Until then, the trial court lacks subject
matter jurisdiction and must dismiss the claims within the agency’s exclusive
jurisdiction.  Id.  “Requiring exhaustion
of administrative remedies is not meant to deprive an aggrieved party of any
legal rights.  It is meant, rather, to
provide an orderly procedure by which aggrieved parties may enforce those
rights.”  See Ysleta Indep. Sch. Dist. v. Griego, 170 S.W.3d 792, 795 (Tex.
App.—El Paso 2005, pet. denied).

          Texas law
requires an aggrieved party to exhaust all remedies provided under the
applicable administrative scheme if the party’s claim (1) concerns the
administration of school laws and (2) involves questions of fact.  Mission
Indep. Sch. Dist. v. Diserens, 188 S.W.2d 568, 570 (Tex. 1945); Griego, 170 S.W.3d at 795.  In addition, the Term Contract Nonrenewal
Act,[4] which is found in Chapter
21 of the Education Code, provides an administrative procedure by which a
school teacher,[5]
who is employed under a term contract, may seek judicial review of a district’s
decision not to renew the contract.  See Griego, 170 S.W.3d at 794; see also Gutierrez v. Laredo Indep. Sch. Dist., 139 S.W.3d 363, 366–67 (Tex. App.—San Antonio 2004, no
pet.).  The Act requires a teacher
who is aggrieved by the nonrenewal of a term contract to exhaust administrative
remedies before seeking redress in the courts.  See Tex. Educ. Code Ann. § 21.209; see also Brown v. Amarillo Independent
School Dist., 190 S.W.3d 7, 10 (Tex. App.—Amarillo 2005, no pet.) (citing Tex. Educ. Agency v. Cypress–Fairbanks, 830 S.W.2d 88, 90 (Tex. 1992)).
 “An employee who alleges that a school
district wrongfully terminated an employment contract must apply to the school
authorities for relief before filing suit in the district court.”  Griego,
170 S.W.3d at 795; see also Larsen v.
Santa Fe Indep. Sch. Dist., 296 S.W.3d 118, 128–29 (Tex. App.—Houston [14th Dist.] 2009, pet.
denied); Gutierrez,
139 S.W.3d at 366–67.  

When a teacher asserts a claim
based on non-renewal of a term contract, the last step in the administrative
process is an appeal to the Commissioner of Education.  Tex. Educ.
Code Ann. § 21.209 (providing that “[a] teacher who is
aggrieved by a decision of a board of trustees on the nonrenewal of the teacher’s
term contract may appeal to the commissioner for a review of the decision of
the board of trustees . . .”).  Similarly,
a person must pursue her claim with the Commissioner of Education before
filing suit when the claim involves actions or decisions by the school board that
allegedly violate either state school laws or a provision of a written
employment contract between a school district and an employee if the violation
would cause the employee to suffer monetary harm.  See Tex. Educ. Code Ann. § 7.057(a) (Vernon 2006).  Only when an appeal to the Commissioner of
Education has been exhausted will a district court have jurisdiction to hear a
school district employee’s breach of contract claim premised on contract
non-renewal or the grounds specified in section 7.057(a).  See Tex. Educ. Code Ann. § 21.307
(Vernon 2006); see also Griego, 170
S.W.3d at 795; Dotson v. Grand Prairie
Indep. School Dist., 161 S.W.3d
289, 291 (Tex. App.—Dallas 2005, no pet.). 


 

B.      Analysis

          In
her second amended petition, Gallien alleged the following to support her
breach of contract claim:

·       
In April 2006, HISD offered Gallien a contract for
the 2006/2007 school year that she accepted by signing and returning the
contract to HISD’s personnel department. 


 

·       
When she accepted the offer, she had already
“rescinded the letter of resignation” that she had given to HISD.  

 

·       
At the time she accepted the offer, Gallien was
employed by HISD as a clerk.  

 

·       
Gallien alleged that HISD later refused to honor the
contract.  

 

·       
HISD informed her that the contract had been sent to
her in error, citing Gallien’s earlier resignation as the reason that it would
not honor the contract.  

 

·       
HISD informed her that she would be required “to go
through the re-hiring process, which she did.” 


 

·       
HISD offered Gallien a high school teaching
position, which she accepted.  However, the
principal at the high school rescinded the offer and filled it with another
teacher.  

 

·       
In September 2006, the principal offered Gallien a
long-term substitute teaching position, which she accepted.  

 

·       
Later that month, the principal informed Gallien
that she was “not in the system of active employees” and that “he had to
release her, immediately.”

 

·       
Although she has applied for “many positions,” HISD has
refused to rehire Gallien.

 

In its motion for summary
judgment, HISD claimed that the trial court lacked subject matter jurisdiction over
Gallien’s breach of contract claim.  We
agree with HISD that, as alleged, Gallien was required to exhaust her
administrative remedies by appealing to the Commissioner of Education before
filing her breach of contract claim in the trial court.  See
Tex. Educ. Code Ann.
§ 7.057(a), § 21.209.  Courts
have held that allegations similar to those underlying Gallien’s breach of
contract claim are the type
of allegations that must first be heard by the Commissioner of Education
before the employee may file suit in district court.  See, e.g.,
Godley Indep. Sch. Dist. v. Woods, 21 S.W.3d 656, 660 (Tex. App.—Waco 2000,
pet. denied) (holding that teacher’s
claim of breach of his teaching-employment contract involved administration of
school laws and disputed fact issues, and thus, teacher was required to exhaust
administrative remedies provided by the Education Code before looking to courts
for relief); Caramanian v. Houston Indep.
Sch. Dist., 829 S.W.2d 814, 817–18 (Tex. App.—Houston [14th Dist.] 1992, no
writ) (holding teacher’s claim of breach of employment contract involved
disputed fact issues, and thus, administrative proceedings had to be exhausted
before seeking relief in the courts); Jones
v. Dallas Indep. Sch. Dist., 872 S.W.2d 294, 296 (Tex. App.—Dallas 1994,
writ denied) (holding employee alleging that school district wrongfully
terminated her employment contract must apply to school authorities for relief
before filing suit in district court); see
also Dotson, 161 S.W.3d at 291; Gutierrez, 139 S.W.3d at 367.  

The record shows that
Gallien initiated HISD’s administrative grievance process by filing a level one
grievance.  Gallien proceeded through the
internal grievance process and on June 16, 2006, obtained a level three decision
from HISD’s board of trustees.  Gallien
filed a second level one grievance in June 2007.  It is not in dispute that Gallien has never filed
an appeal with the Commissioner of Education as required to exhaust her
administrative remedies.  See Tex.
Educ. Code Ann. § 7.057(a), § 21.209.  

On appeal, Gallien does not
contend that she exhausted her administrative remedies as prescribed in the
Education Code.  Instead, Gallien
contends that she was not required to appeal to the Commissioner of Education
for the trial court to have jurisdiction over her claims.  She asserts that underpinning all of her
claims, including her breach of contract cause of action, is her assertion that
HISD engaged in discriminatory employment practices prohibited by the Texas
Commission on Human Rights Act (TCHRA).  See Tex.
Lab. Code Ann. §§ 21.001–.306 (Vernon 2006).  Gallien contends that the
Commissioner of Education “lacks jurisdiction” over her discrimination claims,
which she alleges include “retaliatory discrimination,” and a “discriminatory
refusal to rehire [her] or consider [her] for employment.”  For this reason, Gallien contends that she was
not required to file an appeal with the Commissioner of Education as a prerequisite
to filing suit.  

Gallien asserts that she was,
instead, required to exhaust the administrative remedies prescribed for her discrimination
claims through either the EEOC or the Texas Workforce Commission.  Gallien points out that the record shows that
she received a right-to-sue letter from both the EEOC and the Workforce
Commission, evidencing that she has exhausted her administrative remedies for
her discriminatory practices claims.  See Rice v. Russell-Stanley, L.P., 131
S.W.3d 510, 513–14
(Tex. App.—Waco
2004, pet. denied) (stating that receipt of right-to-sue letter evidences that
claimant has exhausted administrative remedies for discrimination claim).  

In its brief, HISD counters
that whether Gallien exhausted her administrative remedies for her discriminatory
practices claims under TCHRA is “irrelevant.” 
HISD points out that Gallien failed to raise any discrimination claim in
her second amended petition, which is her live pleading.  

A review of the record shows
that, in her original and first amended petitions, Gallien expressly claimed
that HISD discriminated against her based on her race.  Gallien’s second amended petition, however,
does not allege such claims.  

Under settled Texas law, a plaintiff’s
timely filed amended pleading supersedes all previous pleadings and becomes the
controlling petition in the case regarding theories of recovery.  Elliott
v. Methodist Hosp., 54 S.W.3d 789, 793 (Tex. App.—Houston [1st Dist.] 2001, pet.
denied); see Tex. R. Civ. P. 65. 
Here, Gallien’s second amended petition superseded and completely
replaced her earlier filed petitions.  See Tex.
R. Civ. P. 65.  It was the live
pleading at the time the trial court granted summary judgment.  See Sheerin
v. Exxon Corp., 923 S.W.2d 52, 55 (Tex. App.—Houston [1st Dist.] 1995, no
writ).  An amended petition that omits causes of
action previously alleged serves to dismiss those claims from the amended
pleading.  J.M. Huber Corp. v. Santa Fe Energy Res., Inc., 871 S.W.2d 842, 844
(Tex. App.—Houston
[14th Dist.] 1994, writ denied).  Here, Gallien
effectively dismissed her discriminatory practices claims by omitting them from
her second amended petition.[6]  See id.  Thus, whether Gallien exhausted her
administrative remedies for her discrimination claims has no bearing on whether
she exhausted her administrative remedies for purposes of her breach of
contract claim.

We conclude that the trial
court did not have subject matter jurisdiction over Gallien’s breach of contract
claim because she failed to exhaust her administrative remedies under the
Education Code.[7]  See
Tex. Educ. Code Ann.
§ 7.057(a), § 21.209.  We hold
that the trial court did not err in granting summary judgment on Gallien’s
breach of contract claim. 

We overrule Gallien’s two
issues to the extent they challenge the trial court’s summary judgment with
respect to her breach of contract claim.

Whistleblower Claim: Barred
by Limitations

Next, we determine whether
the trial court properly granted summary judgment with regard to Gallien’s
claim that HISD violated the Texas Whistleblower Act by retaliating against her
for reporting record keeping violations. 
See Tex. Gov’t Code Ann. § 554.002(a) (Vernon 2004).  As mentioned, the trial court’s order
indicates that summary judgment was granted on the ground that Gallien failed
to exhaust her administrative remedies. 
On appeal, HISD acknowledges that failure to exhaust administrative
remedies cannot support summary judgment with regard to Gallien’s whistleblower
claim.  See Univ. of Tex. Med. Branch at Galveston v. Barrett, 159 S.W.3d
631, 632 (Tex. 2005) (stating, “[Whistleblower Act] does not require that
grievance or appeal procedures be exhausted before suit can be filed; rather,
it requires that such procedures be timely initiated and that the grievance or
appeal authority have 60 days in which to render a final decision”).  

          Nonetheless,
we may consider HISD’s assertion in its motion for summary judgment that Gallien’s
whistleblower claim was barred by limitations. 
On appeal, we may consider all grounds for summary judgment presented to
the trial court that are properly preserved.  See Cincinnati
Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996).  In the interest of judicial economy, we can
affirm a summary judgment on different grounds than those relied on in the
trial court.  See City of Garland v. Dallas Morning News, 969 S.W.2d 548, 552,
557 (Tex. App.—Dallas
1998), aff’d 22 S.W.3d 351 (Tex. 2000).

A.      Relevant Legal Principles

The Texas Whistleblower Act
requires that a state or local governmental entity may not suspend or terminate
the employment of, or take other adverse personnel action against, a public
employee who in good faith reports a violation of law by the employing
governmental entity or another public employee to an appropriate law
enforcement authority.  Tex. Gov’t Code Ann. § 554.002(a).  Pursuant to section 554.005 of the Act, an
employee who seeks relief must sue no later than the 90th day after the date on
which the alleged violation occurred or was discovered through reasonable
diligence, except as provided in section 554.006.  Tex.
Gov’t Code Ann. § 554.005 (Vernon 2004). 

Section 554.006 provides as
follows:

(a)     A public
employee must initiate action under the grievance or appeal procedures of the
employing state or local governmental entity relating to suspension or
termination of employment or adverse personnel action before suing under this chapter.

 

(b)     The employee
must invoke the applicable grievance or appeal procedures not later than then
90th day after the date on which the alleged violation of this chapter:

 

(1)     occurred; or

 

(2)     was discovered by the employee through
reasonable diligence.

 

(c)      Time used
by the employee in acting under the grievance or appeal procedures is excluded,
except as provided by Subsection (d), from the period established by Section
554.005.

 

(d)     If a final
decision is not rendered before the 61st day after the date procedures are
initiated under Subsection (a), the employee may elect to:

 

(1)     exhaust the applicable procedures under Subsection (a), in which
event the employee must sue not later than the 30th day after the date those
procedures are exhausted to obtain relief under this chapter; or

 

(2)     terminate procedures under Subsection (a), in which event the
employee must sue within the time remaining under Section 554.005 to obtain
relief under this chapter.

 

Tex. Gov’t Code Ann.
§ 554.006 (Vernon 2004).

B.      Analysis

          HISD
contends that Gallien’s whistleblower claim is barred by limitations as a
matter of law.  Even when the record is
viewed in Gallien’s favor, we agree that Gallien did not timely file her
whistleblower claim.

          The
record shows that Gallien initiated HISD’s grievance procedure in May
2005.  She filed an amended grievance in
September 2005.  A final decision was not
rendered in the procedure within 61 days. 
See id. § 554.006(d).  Gallien, however, pursued the grievance procedure
to a level three decision by HISD’s board of trustees.  While she pursued the grievance procedure,
the limitations period was tolled.  See id. § 554.006(c).  The
board of trustees issued its decision against Gallien on June 15, 2006.  Under Chapter 21 of the Education Code, Gallien
had 20 days to appeal the board’s decision to the Commissioner of Education.  See Tex. Educ. Code Ann. § 21.301(a)
(Vernon 2006).  As discussed supra, Gallien did not appeal the
decision.  By not appealing to the
Commissioner, Gallien chose to abandon her administrative remedy and terminate
the grievance procedure.  Assuming the
broadest reading of the record and statute, the limitations period ran in
October 2006, that is, 90 days from when Gallien terminated the grievance procedure.  See Tex. Gov’t Code Ann. § 554.006(d)(2);
see also id. § 554.005.  Gallien did not file suit until March 2007—well outside the limitations period.[8]  See id.
§ 554.005.  

We conclude that HISD met
its summary-judgment burden to conclusively show that Gallien’s whistleblower
claim was barred by limitations.  See Tex.
R. Civ. P. 166a(c).  Gallien did
not meet her corresponding burden to raise a genuine issue of material fact
precluding summary judgment.  Thus, we
hold that the summary judgment is properly granted in favor of HISD with regard
to Gallien’s whistleblower claim.

We overrule Gallien’s two
issues to the extent they challenge the trial court’s summary judgment with
respect to her whistleblower claim.

Conclusion

          The
trial court correctly granted summary judgment and ruled that it lacked subject-matter
jurisdiction over Gallien’s breach of contract claim on the ground that Gallien
failed to exhaust her administrative remedies. 
The trial court was not correct in ruling that it lacked subject-matter
jurisdiction over Gallien’s whistleblower claim for lack of exhaustion of
remedies.  Nonetheless, summary judgment
on Gallien’s whistleblower claim is proper because Gallien failed to timely
file her whistleblower action within the statutory limitations period; that is,
her whistleblower claim is time-barred.  

Therefore, we modify the
trial court’s judgment to reflect that the trial court lacks subject-matter
jurisdiction over Gallien’s breach of contract claim for failure to exhaust
administrative remedies.  We further
modify the judgment to grant summary judgment against Gallien on her
whistleblower claim and to reflect that Gallien takes nothing by that claim
from HISD.  We affirm the judgment of the
trial court as modified.  

 

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices
Keyes, Higley, and Gamble. [9]











[1]        See Tex. Gov’t Code Ann. §§ 554.001–.010 (Vernon
2004).





[2]
          “The absence of subject-matter
jurisdiction may be raised by a plea to the jurisdiction, as well as by other
procedural vehicles, such as a motion for summary judgment.”  Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  Thus, it was appropriate for HISD to assert
in its motion for summary judgment that the trial court lacked subject-matter
jurisdiction because Gallien failed to exhaust her administrative remedies.  See
id.  Moreover, the plea to the jurisdiction
standard mirrors that of a traditional motion for summary judgment.  See Ross
v. Linebarger, Goggan, Blair & Sampson, L.L.P., 333 S.W.3d 736, 744
(Tex. App.—Houston [1st Dist.] 2010, no pet.).





[3]           In her second amended petition,
Gallien asserts that HISD violated sections 7.057 and 21.209 of the Education
Code.  See Tex. Educ. Code Ann. § 7.057 (Vernon 2006); id. § 21.209 (Vernon 2006). 
Neither statute is an independent basis for a claim but, as discussed, infra, provides that certain claims are appealable
to the Texas Commissioner of Education before suit may be filed in district
court.  Moreover, Gallien makes no
allegation in her live pleading that the administrative processes set forth in
these statutes were not properly followed or that she was in some manner
prevented from appealing to the Commissioner of Education.

 





[4]           See Tex. Educ. Code Ann. §§ 21.201–.213
(Vernon 2006).

 





[5]           “Teacher” is defined by the Education
Code as “a superintendent, principal, supervisor, classroom teacher, counselor,
or other full-time professional employee who is required to hold a certificate
issued under [sections 21.031 to 21.060] or a nurse.”  See Tex. Educ. Code Ann. § 21.201(1)
(Vernon 2006).

 





[6]           Gallien points out that she pled a
claim for retaliation in her second amended petition.  Specifically, Gallien contends that she
asserted a retaliation claim under section 21.055 of the Texas Commission on
Human Rights Act.  See Tex. Lab. Code Ann.
§ 21.055 (Vernon 2006).  That section provides that it is unlawful for
an employer to retaliate “against a person who, under this chapter: (1) opposes
a discriminatory practice; (2) makes or files a charge; (3) files a complaint;
or (4) testifies assists, or participates in any manner in an investigation,
proceeding, or hearing.”  Id.  However,
even read broadly, Gallien’s retaliation claim cannot be construed to be a
section 21.055 claim.  As discussed, the
second amended petition makes no mention of allegations of discriminatory
practices in violation of the Texas Commission on Human Rights Act.  Instead, it is evident from the petition that
the retaliation claim is pled as part of Gallien’s whistleblower claim.  





[7]           Gallien also asserts that the trial
court has jurisdiction because under the heading “Jurisdiction” in her second
amended petition she cited Article I, section 27 of the Texas Constitution.  That provision grants citizens the right to
“apply to those invested with the powers of government for redress of
grievances or other purposes.” Tex.
Const. art. I, § 27.  Although she
cited this constitutional provision as a basis to seek redress, she made no
allegation in her petition that she has been denied the right to such
redress.  See Dotson v. Grand Prairie Indep. School Dist., 161 S.W.3d 289, 292 (Tex.
App.—Dallas 2005, no pet.).  





[8]           The record shows that Gallien also
filed a level one grievance in September 2007. 
However, this grievance was initiated after suit was filed in March 2007
and, thus, would not serve to toll limitations or revive Gallien’s claim.  See
Tex. Gov’t Code Ann. § 554.006(a)
(Vernon 2004) (providing that public employee must initiate action under the
grievance or appeal procedures before
filing whistleblower claim).  





[9]           The Honorable Brent Gamble, Judge of
the 270th District Court of Harris County, participating by assignment.