**Opinion issued August 18, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00323-CV

————————————

**MARC STAFF, Appellant**

**V.**

**COLORADO COUNTY, TEXAS SHERIFF R.H. "CURLY" WIED, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, Appellee**

———

**On Appeal from the 2nd 25th District Court**
**Colorado County, Texas**
**Trial Court Case No. 23,211**

———

# O P I N I O N

Appellant, Marc Staff, a former Colorado County Sheriff's Deputy, brought

a declaratory judgment action against Colorado County Sheriff R.H. "Curly" Wied

after he was terminated from his position as a peace officer. Staff sought declaratory relief, injunctive relief, and attorney's fees. Both Staff and Sheriff Wied moved for summary judgment, and the trial court granted Wied's summary judgment motion and denied Staff's motion. The trial court entered final judgment in favor of Sheriff Wied for $10,483.07 in reasonable attorney's fees and $40,000 in conditional appellate attorney's fees. In two issues, Staff contends that the trial court erred in granting Wied's motion for summary judgment and in failing to properly interpret and apply Government Code sections 614.022 and 614.023.

We reverse and remand.

## Background

Staff joined the Colorado County Sheriff's Department as a deputy sheriff in October 2005. In April 2010, Lieutenant Troy Neisner began an investigation of Staff, and he ultimately informed Staff, on April 28, 2010, that the Sheriff's Department was terminating his employment. Staff filed an administrative appeal with Sheriff Wied, seeking reinstatement. Sheriff Wied denied the appeal and upheld Staff's termination.

Staff subsequently filed a declaratory judgment action in the district court, seeking a declaration that Colorado County and Sheriff Wied had violated Government Code section 614.022, which requires complaints against peace officers to be in writing and signed by the person making the complaint, and

2

section 614.023, which requires a copy of the complaint to be provided to the officer.[1] Staff sought declaratory relief, all available monetary relief, and injunctive relief.[2]

Staff moved for partial summary judgment on his own claims. In this motion, Staff alleged that Lieutenant Neisner received a complaint about Staff from Colorado County Attorney Ken Sparks and "conducted an ex parte investigation" of Staff without providing Staff a copy of the complaint or allowing Staff the opportunity to respond to the allegations in the complaint. He further alleged that he appealed his termination to Sheriff Wied, who denied the appeal "without giving any type of reasoning or explanation as to his decision." Staff argued that the "Performance Deficiency Notice" that Lieutenant Neisner provided to him at the time of his termination did not meet the requirements of Government Code section 614.022 because it did not qualify as a "written and signed complaint" against Staff. Moreover, Lieutenant Neisner did not provide Staff with a copy of the allegations against him until Staff received the Performance

---

[1] *See* TEX. GOV'T CODE ANN. §§ 614.022–.023 (Vernon 2012).

[2] Staff requested the following injunctive relief: (1) "That Defendant be enjoined from withholding written complaints made against peace officers"; (2) "[T]hat Defendant institute policies to insure that the Colorado County Sheriff's Department not discharge or discipline current or former employees in violation of the Texas Government Code"; and (3) "[T]hat Colorado County, Texas implement procedures to protect its current, past and future employees from subjective and overreaching claims."

3

Deficiency Notice at the time of his termination, and, therefore, he did not receive the opportunity to defend himself against the allegations. Staff argued that he had established that Sheriff Wied had violated the Government Code as a matter of law and that summary judgment on his declaratory judgment claims was proper.

As summary judgment evidence, Staff attached a letter from Sheriff Wied to Staff's counsel dated May 12, 2010, after Staff's termination but before he had filed an administrative appeal. In the letter, Sheriff Wied stated that Colorado County is an "at will" employer, but that Staff could file a written appeal of the termination decision with Wied and Wied would consider whether to uphold the termination. Staff also attached a copy of his written appeal of the termination decision to Sheriff Wied, in which he argued that, contrary to the Government Code, "it doesn't appear that there was ever a signed, written complaint by the person who was the subject of the alleged mistreatment" and that, Colorado County's status as an "at will" employer notwithstanding, Staff was entitled to notice of the complaint and an opportunity to respond prior to having his employment terminated.

Staff also attached the Performance Deficiency Notice that he received from Lieutenant Neisner on April 28, 2010. This notice stated:

> You (Marc Staff) previously signed an acknowledgement indicating that you received a copy of the Colorado County Personnel Manual and your understanding that it was your responsibility to read the manual and to abide by the provisions in said manual. As specified in

4

the Colorado County Personnel Manual on page 4, Colorado County is an At-Will employer. The following specified grounds for termination are not all-inclusive since the Colorado County Sheriff's Office maintains the right to terminate employment for any legal reason or no reason at all. The following is merely written documentation of <u>recent</u> deficiencies in your performance and is not a complete record, nor should it be considered an exhaustive list of the reasons for your termination.

The Performance Deficiency Notice recited that Colorado County Attorney Ken Sparks contacted Sheriff Wied on April 26, 2010, provided him with a DVD recording of a traffic stop in which Staff had participated, and expressed his concern that Staff's behavior during the traffic stop was inappropriate.

Lieutenant Neisner reviewed the recording and determined that Staff had engaged in "unacceptable and unprofessional" behavior, including taunting the subject of the traffic stop and repeatedly screaming at the subject "in an apparent rage" to provide his license and insurance. Lieutenant Neisner and another deputy then performed a "spot check" of other recordings of traffic stops captured by Staff's in-car video system and discovered at least one additional incident in which Staff had behaved in an "unacceptable and grossly unprofessional" manner during a traffic stop. Lieutenant Neisner recommended "immediate termination," and the notice contained the following statement:

Effective Immediately:
Your employment with Colorado County Sheriff's Department is terminated and your services are no longer needed. If you wish to appeal the above decision, you must do so in writing within 30 days to

5

the Sheriff. The Sheriff will make a decision on whether or not to uphold the above decision. The Sheriff's decision will be final.

Sheriff Wied also moved for partial summary judgment on Staff's declaratory judgment claims. Sheriff Wied argued that sheriffs have "virtually unbridled authority in hiring and firing their employees" and that Staff, as a deputy sheriff, served at the pleasure of the sheriff and could be terminated for any reason or no reason. He further argued that Colorado County was an at-will employer, that it retained the right to "terminate any employee at any time, with or without any condition, benefit, policy, or privilege of employment at any time, with or without notice," and that, when he accepted his employment, Staff signed an acknowledgement of this policy.

Sheriff Wied also argued that Government Code sections 614.022 and 614.023 did not apply to Staff because Staff's termination "was not based on a specific complaint nor does any part of the termination or statutory provisions change the status of 'at-will' employment." Alternatively, Sheriff Wied argued that, if sections 614.022 and 614.023 did apply, he had complied with those provisions because Staff received a copy of the Performance Deficiency Notice, which qualified as a "written signed complaint," Wied was the one who made the final decision concerning Staff's employment, the Sheriff's Department investigated the allegations brought to its attention by Sparks, and evidence existed to support the allegations of misconduct.

6

Sheriff Wied attached as summary judgment evidence an excerpt from the Colorado County Personnel Manual which stated:

> Colorado County is an employment at-will employer. No contract, either expressed or implied, exists between the County and any employee for any duration. The County also retains the right to terminate any employee at any time, with or without notice, for any legal reason or no reason. The County also retains the right to change any condition, benefit, policy, or privilege of employment at any time, with or without notice. The employee also has the right to sever the relationship at any time, with or without notice.

Sheriff Wied also attached a signed acknowledgement by Staff that he had received a copy of the Colorado County Personnel Manual and that he understood that his "employment is terminable at will so that both the county and its employees remain free to [choose] to end their relationship at any time for any reason or no reason." Sheriff Wied also attached as summary judgment evidence the Performance Deficiency Notice and a copy of his June 3, 2010 letter to Staff's attorney upholding the termination.

The trial court granted Sheriff Wied's motion for summary judgment and denied Staff's motion. The trial court entered final judgment in favor of Sheriff Wied for $10,483.07, representing his reasonable and necessary trial-level attorney's fees and $40,000 in conditional appellate attorney's fees. This appeal followed.

## Summary Judgment

In his first issue, Staff contends that the trial court erred in rendering summary judgment in favor of Sheriff Wied. In his second issue, he contends that the trial court erred by failing to properly interpret and apply Government Code sections 614.022 and 614.023. We consider these issues together.

### A. *Standard of Review*

When both parties move for summary judgment and the trial court grants one motion and denies the other, we review both parties' summary judgment evidence and determine all questions presented. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). Each party bears the burden of establishing that he is entitled to judgment as a matter of law. *City of Santa Fe v. Boudreaux*, 256 S.W.3d 819, 822 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also* TEX. R. CIV. P. 166a(c) ("The judgment sought shall be rendered forthwith if . . . there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response."). If we determine that the trial court erred, we render the judgment that the trial court should have rendered. *Dorsett*, 164 S.W.3d at 661; *FM Props.*, 22 S.W.3d at 872. If the trial court's order does not specify the grounds for its summary judgment ruling, we affirm the summary judgment if any

of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

When we construe statutes, as we must in this case, the primary rule of statutory interpretation is that we must ascertain and give effect to the intent of the Legislature. *Harris Cnty. Appraisal Dist. v. Tex. Gas Transmission Corp.*, 105 S.W.3d 88, 97 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (citing *Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 398 (Tex. 2000)). We must consider the plain language of the statute, and we may consider the legislative history and the consequences from alternative constructions. *Id.* (citing *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 383 (Tex. 2000) and TEX. GOV'T CODE ANN. § 311.023).

Under the Uniform Declaratory Judgments Act, a person whose rights, status, or other legal relations are affected by a statute may have a court determine any question of construction or validity arising under the statute and may obtain a declaration of his rights under the statute. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (Vernon 2015); *Guthery v. Taylor*, 112 S.W.3d 715, 720 (Tex. App.—Houston [14th Dist.] 2003, no pet.). We review declaratory judgments under the same standards used for other judgments and decrees and look to the procedure used to resolve the issue at trial to determine the appropriate appellate standard of

review. *Guthery*, 112 S.W.3d at 720; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 37.010 (Vernon 2015) ("All orders, judgments, and decrees under this chapter may be reviewed as other orders, judgments, and decrees."). Because, in this case, the trial court resolved the case on competing summary judgment motions, we review the propriety of the trial court's denial of the declaratory judgment under the same standards we apply to the summary judgment. *Guthery*, 112 S.W.3d at 720.

### B. Government Code Sections 614.022 and 614.023

Government Code Chapter 614, Subchapter B—entitled "Complaint Against Law Enforcement Officer or Fire Fighter"—addresses a narrow category of circumstances in which a complaint of misconduct is made against a peace officer or fire fighter, and it requires a specified procedure to be followed before the peace officer or fire fighter may be terminated. *See* TEX. GOV'T CODE ANN. § 614.022 (Vernon 2012) (requiring, for complaint to be considered by head of local law enforcement agency, that complaint be in writing and signed by person making complaint); *id.* § 614.023 (Vernon 2012) (providing that disciplinary action may not be taken against officer unless signed copy of complaint is given to officer within reasonable time after complaint is filed). Subchapter B applies to complaints made against a peace officer as defined by Code of Criminal Procedure article 2.12 or pursuant to "other law [and] who is appointed or employed by a

10

political subdivision of this state."[3]  TEX. GOV'T CODE ANN. § 614.021(a)(1), (3) (Vernon 2012).

Government Code section 614.022 provides that for a complaint against a peace officer "[t]o be considered by the head of a . . . local law enforcement agency, the complaint must be: (1) in writing; and (2) signed by the person making the complaint." *Id.* § 614.022.

Section 614.023 then provides:

(a)    A copy of a signed complaint against a . . . peace officer appointed or employed by a political subdivision of this state shall be given to the officer or employee within a reasonable time after the complaint is filed.

(b)    Disciplinary action may not be taken against the officer or employee unless a copy of the signed complaint is given to the officer or employee.

(c)    In addition to the requirement of Subsection (b), the officer or employee may not be indefinitely suspended or terminated from employment based on the subject matter of the complaint unless:

(1)    the complaint is investigated; and

(2)    there is evidence to prove the allegation of misconduct.

---

[3]    Subchapter B does not apply to peace officers "appointed or employed by a political subdivision that is covered by a meet and confer or collective bargaining agreement under Chapter 143 or 174, Local Government Code, if that agreement includes provisions relating to the investigation of, and disciplinary action resulting from, a complaint against a peace officer . . . ."  TEX. GOV'T CODE ANN. § 614.021(b) (Vernon 2012).  Here, neither party asserts that Colorado County is covered by a meet and confer or collective bargaining agreement under Local Government Code Chapters 143 or 174.

*Id.* § 614.023.

These statutes provide "covered employees with procedural safeguards to reduce the risk that adverse employment actions would be based on unsubstantiated complaints." *Turner v. Perry*, 278 S.W.3d 806, 823 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). In enacting these statutes, the Legislature "determined that the value of these protections outweighs the fiscal and administrative burdens incurred by complying with statutory requirements." *Id.*

### 1. Applicability of sections 614.022 and 614.023

In contending that the trial court properly rendered summary judgment in his favor, Sheriff Wied first argues that Government Code sections 614.022 and 614.023 are not applicable in this case because Colorado County is an "at-will" employer, and, as a deputy sheriff, Staff had no legal entitlement to his continued employment and could be terminated for any reason or no reason and without any notice.

The general rule in Texas is that, absent a specific agreement to the contrary, "employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all" and that this rule applies by statute to deputy sheriffs. *Cnty. of Dallas v. Wiland*, 216 S.W.3d 344, 347 (Tex. 2007) (quoting *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998), and TEX. LOC. GOV'T CODE ANN. § 85.003(c) (Vernon 2008) ("A deputy serves at the

12

pleasure of the sheriff.")). "Texas law provides 'sheriffs, and other elected county officials, virtually unbridled authority in hiring and firing their employees.'" *Renken v. Harris Cnty.*, 808 S.W.2d 222, 225 (Tex. App.—Houston [14th Dist.] 1991, no writ) (quoting *Irby v. Sullivan*, 737 F.2d 1418, 1421 (5th Cir. 1984)). "Deputy sheriffs have no legal entitlement to their jobs as public employees; the sheriff may fire them for many reasons or for no articulate reason at all. . . . More importantly, nothing in the Harris County grievance policy purports to limit the authority of elected officials like Constable Moore to discharge any employee." *Id.* (quoting *Barrett v. Thomas*, 649 F.2d 1193, 1199 (5th Cir. 1981)).

However, either the State or the employer may implement policies and procedures for resolving complaints and grievances without altering the employee's status as an at-will employee. *See id.* "The State may 'require procedures for reasons other than protection against deprivation of substantive rights . . . .'" *Id.* (quoting *Henderson v. Sotelo*, 761 F.2d 1093, 1097 (5th Cir. 1985)).

Government Code sections 614.022 and 614.023 do not limit the authority of the Colorado County Sheriff to discharge an employee; instead, the statutes merely require that, when a complaint of misconduct forms the basis of the decision to terminate employment, the employee must receive a signed written copy of that complaint before discipline may be imposed. *See id.* ("Thus, even if appellant had

certain procedural rights, such as a right to a hearing, appellant might still be an 'at-will' employee.").

Thus, the fact that a county is an at-will employer does not preclude application of sections 614.022 and 614.023 where a county employee has been terminated because a complaint has been made against him or following an investigation, as opposed to being terminated "at will" for no cause. *See Treadway v. Holder*, 309 S.W.3d 780, 783 (Tex. App.—Austin 2010, pet. denied) (addressing similar argument that Chapter 614, Subchapter B does not apply because Comal County is at-will employer and peace officers are at-will employees and holding, "We need not address any effect Subchapter B might have on at-will employment because it is undisputed that Treadway was terminated for cause. The issue, then, is not whether she could have been terminated without cause, but whether the cause for which she *was* terminated—lying to a supervisor and falsifying training documents—resulted from a 'complaint' that triggers the requirements of Subchapter B"). We conclude that Colorado County's status as an "at-will" employer does not preclude application of Government Code sections 614.022 and 614.023.

We therefore turn to whether the Colorado County Sheriff's Department complied with Subchapter B in this case.

14

### *2. Compliance with sections 614.022 and 614.023*

Staff argues that the trial court erred in granting summary judgment to Sheriff Wied because the court failed to properly interpret and apply Government Code sections 614.022 and 614.023, depriving him of statutory protections to which he was entitled. Sheriff Wied responds that the sections are inapplicable to this case by their terms.

In *Guthery v. Taylor*, the Fourteenth Court of Appeals analyzed whether a "Notice of Proposed Disciplinary Action," provided to a police officer by his superior officer after an investigation had occurred, constituted a "complaint" under sections 614.022 and 614.023. 112 S.W.3d at 722–24. In *Guthery*, a citizen telephoned the Sugar Land Police Department to complain that an officer had damaged her front door. *Id.* at 718. After the police department determined that Guthery was the only officer at the citizen's house that night, the department conducted an investigation, and ultimately concluded that Guthery had caused damage to the citizen's property. *Id.* Taylor, the police chief, reviewed the investigation report and issued a signed "Notice of Proposed Disciplinary Action" to Guthery, informing him that Taylor intended to suspend Guthery for three days and requesting his presence at a meeting scheduled for six days later to respond to the allegations. *Id.* After the meeting, Taylor approved the suspension. *Id.* at 719.

In determining whether the police department had violated sections 614.022 and 614.023 because Guthery never received a written complaint signed by the affected citizen, our sister court first looked to Local Government Code section 143.123, which governs the investigation of fire fighters and police officers in municipalities that have adopted civil service programs and which has a "similar nature" and purpose to section 614.022. *Id.* at 722; *see* TEX. LOC. GOV'T CODE ANN. § 143.123 (Vernon 2008). Section 143.123 provides:

> Before an investigator may interrogate a fire fighter or police officer who is the subject of an investigation, the investigator must inform the fire fighter or police officer in writing of the nature of the investigation and the name of each person who complained about the fire fighter or police officer concerning the matters under investigation. An investigator may not conduct an interrogation of a fire fighter or police officer based on a complaint by a complainant who is not a peace officer unless the complainant verifies the complaint in writing before a public officer who is authorized by law to take statements under oath.

TEX. LOC. GOV'T CODE ANN. § 143.123(f). The court noted that section 143.123 defines "complainant" as "a person claiming to be the victim of misconduct by a fire fighter or police officer." *Guthery*, 112 S.W.3d at 722 (quoting TEX. LOC. GOV'T CODE ANN. § 143.123(a)(1)). Section 143.123 also explicitly requires complaints to be in writing and implicitly requires complaints to be signed, as complaints made by complainants who are not peace officers must be verified. *See id.*

16

Ultimately, the court concluded that a "complaint," as used in sections 614.022 and 614.023, "must be signed and in writing to be the victim's complaint . . . ." *Id.* at 723; *see also Turner*, 278 S.W.3d at 822 ("[T]he complaint must be in writing and signed by the person who claims to be the victim of misconduct."). The "Notice of Proposed Disciplinary Action," which was provided to Guthery and signed by the chief of police after investigating a citizen complaint against Guthery, therefore did not qualify as a "complaint" under sections 614.022 and 614.023 because it was not signed by the victim of the alleged misconduct. *Guthery*, 112 S.W.3d at 723; *Harris Cnty. Sheriff's Civil Serv. Comm'n v. Guthrie*, 423 S.W.3d 523, 530 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("[A] 'signed complaint' under 614.023 could only be a complaint written and signed by a person claiming to be the victim of misconduct."). The court further held that, pursuant to section 614.023, the police chief "had a clear duty to refrain from taking disciplinary action against Guthery when the only 'complaint' offered to satisfy sections 614.022 and 614.023 was the Chief's 'Notice of Proposed Disciplinary Action.'" *Guthery*, 112 S.W.3d at 724.

In *Treadway v. Holder*, the Austin Court of Appeals considered a situation in which the complaint against the peace officer, Treadway, originated from within the Comal County Sheriff's Office, instead of from a citizen. 309 S.W.3d at 781. In that case, a lieutenant within the sheriff's department received a complaint from

a shift sergeant that Treadway was not meeting with a trainee officer as frequently as she ought to have been. *Id.* The lieutenant investigated the complaint and determined that Treadway fabricated reports. *Id.* The sheriff ordered Treadway's termination. *Id.* Treadway argued that she did not learn about the allegations against her until after her discharge and that she never received a signed, written complaint regarding the allegations. *Id.*

The Austin court, as the Fourteenth court did in *Guthery*, also considered Local Government Code section 143.123 in construing the definition of "complaint" in sections 614.022 and 614.023. *Id.* at 783–84. The Austin court noted that the language of section 143.123 suggested that "'complaint' includes internal complaints by other officers" and that "the legislature did not intend the term 'complaint' to be limited to external citizen complaints." *Id.* at 784. The court concluded that "a 'complaint' for purposes of [Government Code Chapter 614,] Subchapter B is any allegation of misconduct that could result in disciplinary action." *Id.* The court stated that it was immaterial that the allegations against Treadway were made by her supervisor; instead, the relevant facts were that "there were allegations of misconduct" and that "these allegations led to Treadway's termination." *Id.* The plain language of section 614.023 requires a conclusion that "any 'allegation of misconduct' for which disciplinary action may be imposed represents a complaint, regardless of the source." *Id.*

18

The Austin court reasoned that this interpretation of sections 614.022 and 614.023 served the statutory purpose of "protect[ing] peace officers from disciplinary action based on unsubstantiated allegations of misconduct" and that, by failing to provide a signed, written complaint to Treadway prior to her termination, Treadway's "'ability to investigate or defend against the complaints made against h[er]' was impaired." *Id.* at 785 (quoting *Turner*, 278 S.W.3d at 823).

Here, it is undisputed that the investigation into Staff's conduct during traffic stops began when Colorado County Attorney Ken Sparks contacted the Sheriff's Department, provided the video recording of a traffic stop that Staff had conducted, and expressed his concern that Staff's behavior during the stop was inappropriate. It is also undisputed that Sparks never wrote and signed a complaint regarding his concerns over Staff's behavior and that Staff, therefore, never received such a complaint completed by Sparks setting out the allegations against him. The only documentation that Staff received concerning the allegations was the Performance Deficiency Notice, completed and signed by Lieutenant Neisner on April 28, 2010. This document described Sparks' contact with the Sheriff's Department and the ensuing investigation, and this document also contained Lieutenant Neisner's recommendation that Staff's employment be terminated. The last paragraph of the Performance Deficiency Notice stated:

19

Effective Immediately:

Your employment with Colorado County Sheriff's Department is terminated and your services are no longer needed. If you wish to appeal the above decision, you must do so in writing within 30 days to the Sheriff. The Sheriff will make a decision on whether or not to uphold the above decision. The Sheriff's decision will be final.

Sheriff Wied argues, "There is no statutory provision requiring a written complaint when the prosecutorial integrity of a criminal case is discussed between the prosecuting authority and the law enforcement agency that made the referral for prosecution." However, Government Code Chapter 614, Subchapter B does not make any distinction between the types of complaints to which it applies. It applies only to certain individuals, but the statutory language does not limit the applicability to certain kinds of complaints. *Compare* TEX. GOV'T CODE ANN. § 614.021(a) (providing that subchapter applies only to complaints against law enforcement officer of State of Texas, fire fighters employed by State or political subdivision, peace officers appointed or employed by political subdivisions, and detention officers or county jailers appointed or employed by political subdivisions) *with id.* § 614.022 (providing that, "[t]o be considered by the head of a . . . local law enforcement agency, the complaint must be: (1) in writing; and (2) signed by the person making the complaint" and providing no limitation on types of complaints to which statute applies). As the Austin court held in *Treadway*, the source of the allegations of the misconduct is immaterial; rather, "a

20

'complaint' for purposes of Subchapter B is any allegation of misconduct that could result in disciplinary action." 309 S.W.3d at 784. We conclude that this argument is without merit.

Alternatively, Sheriff Wied contends that the Performance Deficiency Notice constitutes a written, signed complaint that complies with Government Code section 614.022. However, the allegations of misconduct against Staff originated from outside of the Colorado County Sheriff's Department, specifically, with the Colorado County Attorney, the "victim" of Staff's misconduct. The Colorado County Attorney did not sign the complaint. The Fourteenth court held in *Guthery*, however, that section 614.022 requires that "the 'complaint' . . . must be signed and in writing to be the victim's complaint," and an internally-generated notice relating to a proposed disciplinary procedure does not qualify as the statutorily-required complaint. 112 S.W.3d at 723. Here, Sparks made the allegation of misconduct, but Staff was never provided with a written copy of the allegations against him signed by Sparks. Instead, the only written notice of the allegations that he received was the Performance Deficiency Notice, completed and signed by Lieutenant Neisner, on the date of his termination.

We also observe that, unlike the "Notice of Proposed Disciplinary Action" in *Guthery*, which informed Guthery that Chief Taylor intend to suspend him for three days and requested that he meet with Taylor several days later before the

21

imposition of discipline, here, Lieutenant Neisner gave Staff the Performance Deficiency Notice, informing him of the allegations and investigation against him, on the same day the Sheriff's Department terminated his employment. *See* 112 S.W.3d at 718.

Finally, Sheriff Wied argues that the Performance Deficiency Notice was merely a "recommendation" by Lieutenant Neisner and that the disciplinary action did not occur until June 3, 2010, when Sheriff Wied denied Staff's administrative appeal of the termination decision. We note, however, that the Performance Deficiency Notice itself, while informing Staff of his right to appeal the decision to Sheriff Wied, states that the termination of Staff's employment is "effective immediately." This constitutes a disciplinary action that occurred before Staff received a signed, written complaint of the allegations against him. *See* TEX. GOV'T CODE ANN. § 614.023(b) ("Disciplinary action may not be taken against the officer or employee unless a copy of the signed complaint is given to the officer or employee.").

We conclude that under both *Guthery* and *Treadway*, the Performance Deficiency Notice Staff received did not constitute a "complaint" pursuant to section 614.022, that Sheriff Wied failed to provide notice of the written complaint signed by the victim of the alleged misconduct, and that the Performance Deficiency Notice by which Staff's employment was terminated "effective

immediately" was a disciplinary action taken without a copy of the signed complaint having been provided to Staff. Therefore, Sheriff Wied violated both section 614.022 and section 614.023 when he terminated Staff's employment before Staff received a copy of a signed, written complaint by the victim of the alleged misconduct.

We note that this construction and application of sections 614.022 and 614.023 prevents the impairment of a peace officer's ability to investigate or defend against the complaints of misconduct made against him and protects peace officers "from disciplinary action based on unsubstantiated allegations of misconduct." *See Treadway*, 309 S.W.3d at 785; *Turner*, 278 S.W.3d at 823; *Guthery*, 112 S.W.3d at 723 n.11 (stating that allowing "Notice of Proposed Disciplinary Action" completed by chief of police to suffice as statutorily-required signed, written complaint "would result in an officer's being disciplined based on another officer's hearsay characterization of a citizen's complaint, as opposed to the actual content of the complaint itself").

We therefore hold that the trial court erred in granting Sheriff Wied's motion for summary judgment and denying Staff's motion for partial summary judgment.

We sustain Staff's first and second issues.

### C. Attorney's Fees

Staff sought summary judgment only on the issue of whether Sheriff Wied violated the Government Code but also pled, in his declaratory judgment action, for attorney's fees under the Uniform Declaratory Judgment Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 2015) ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."). The trial court rendered judgment awarding Sheriff Wied attorney's fees, but the record contains no evidence of Staff's attorney's fees. We may not, therefore, render judgment on Staff's attorney's fees, and we remand the case to the trial court to determine whether an award of attorney's fees to Staff is "equitable and just."

### Conclusion

We reverse the judgment of the trial court and render judgment in favor of Staff declaring that Sheriff Wied violated Government Code sections 614.022 and 614.023. We remand the case for the trial court to determine whether to award Staff attorney's fees.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Huddle, and Lloyd.