ACCEPTED
01-15-00631-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/28/2015 3:27:40 AM
CHRISTOPHER PRINE
CLERK

No. 01-15-00631-CV

IN THE FIRST COURT OF APPEALS

HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/28/2015 3:27:40 AM
CHRISTOPHER A. PRINE
Clerk

PETER J. PASKE, JR.,

APPELLANT,

V.

JOEL FITZGERALD, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS THE
CHIEF OF POLICE OF MISSOURI CITY, TEXAS AND
THE CITY OF MISSOURI CITY, TEXAS,

APPELLEES.

APPELLANT'S REPLY BRIEF

*Oral Argument Requested*

Margaret A. Harris
State Bar No. 09081400
margie@butlerharris.com
Paul R. Harris
State Bar No. 24059905
paul@butlerharris.com
Butler & Harris
1007 Heights Boulevard
Houston, Texas  77008
(713) 526-5677
Fax (888) 370-5038

Attorneys for Peter J. Paske, Jr.

## Identities of Parties and Counsel

*Peter J. Paske, Jr., Appellant*

Represented by:

Margaret A. Harris
State Bar No. 09081400
margie@butlerharris.com
Paul R. Harris
State Bar No. 24059905
paul@butlerharris.com
**Butler & Harris**
1007 Heights Boulevard
Houston, Texas  77008
(713) 526-5677
Fax (888) 370-5038

*Joel Fitzgerald, Individually and in His official Capacity as the Chief of Police of Missouri City, Texas and the City of Missouri City, Texas, Appellees*

Represented by:

WILLIAM S. HELFAND
State Bar No. 09388250
William.Helfand@chamberlainlaw.com
NORMAN RAY GILES
State Bar No. 24014084
**Chamberlain Hrdlicka**
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 658-1818
Fax (713) 658-2553
Norman.Giles@chamberlainlaw.com

TABLE OF CONTENTS

Identities of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. Summary of Flaws in Appellees' Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II. The Statute's Requirements
        and Appellees' Inadequate Arguments. . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    A. The Complaint Was Not in Writing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    B. Appellees Claim That They Complied with the Law
        But They Did Not. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        1. The Pre-Termination Letter Does Not Comply With Chapter 614
        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        2. The 671 Pieces of Paper Do Not Comply With Chapter 614. . . . . 12
        3. The Letter Appellees' Counsel Helped the City Manager Write
            Months Later Does Not Comply with Chapter 614. . . . . . . . . 13
        4. In Violation of Chapter 614, Paske Had No Opportunity to Defend
            Himself;
            No Investigation That Might Have Challenged
            Fitzgerald's Hasty, Unilateral Decision. . . . . . . . . . . . . . . . . 15

III. The Other, Equally Unsupported Defenses. . . . . . . . . . . . . . . . . . . . . . . . . 17
    A. The Clerk's Record and Paske's Claim
        Under the Declaratory Judgments Act. . . . . . . . . . . . . . . . . . . . . . . . 17
    B. Sovereign Immunity is Unavailable
        For Claims Brought Under the Declaratory Judgments Act. . . . . . . 19
    C. A Post-Termination Finding by the Administrative Law Judge
        Is Not Binding on This Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

IV. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Atchison v. Weingarten Realty Management Co.*, 916 S.W.2d 74 (Tex. App.—Houston [1st Dist.] 1996, no writ).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Bracey v. City of Killeen*, 417 S.W.3d 94 (Tex. App.-Austin,  2013, no pet). . .  23, 24

*Brown v. De La Cruz*, 156 S.W.3d 560 (Tex. 2004).. . . . . . . . . . . . . . . . . . . . . 10

*Castro v. McNabb*, 319 S.W.3d 721 (Tex. App.-El Paso 2009, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Christiansen v. Prezelski*, 782 S.W.2d 842 (Tex. 1990).. . . . . . . . . . . . . . . . . . . 18

*City of Athens v MacAvoy*, 353 S.W.3d 905 (Tex. App. -Tyler 2011, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24

*City of DeSoto v White*, 288 S.W.3d 389 (Tex. 2009). . . . . . . . . . . . . . . . . . . . 23

*City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009). . . . . . . . . . . . . . . . 20, 21

*City of Laporte v. Barfed*, 898 S.W.2d 288 (Tex.1995). . . . . . . . . . . . . . . . . . . 10

*City of Seagoville v. Lytle*, 227 S.W.3d 401 (Tex. App.--Dallas 2007, no pet.).  19, 20

*Enterprise Leasing Co. v. Barrios*, 156 S.W.3d 547 (Tex. 2004). . . . . . . . . . . . 18

*Fiesta Mart, Inc. v. Hall*, 886 S.W.2d 440 (Tex. App.—Houston [1st Dist.] 1994, no writ).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Flowers v. Flowers*, 407 S.W.3d 452 (Tex. App.–Houston [14th Dist.] 2013).. . . 18

*Graves v Mack*, 246 S.W.3d 704 (Tex. App. --Houston [14th Dist] 2007, no pet.)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Guthery v. Taylor*, 112 S.W.3d 715 (Tex. App.–Houston [14th Dist], 2003, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

*Harris City. Sheriff's Civil Serv. Common v. Guthrie*, 423 S.W.3d 523 (Tex. App.-Houston [14th Dist.] 2014, *pet. denied*). . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Lang v. Texas Dept. of Public Safety*, 2014 WL 3562738 (Tex. App.--Austin July 18, 2014, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Mallios v. Standard Ins. Co.*, 237 S.W.3d 778 (Tex. App.—Houston [14th Dist.] 2007, *pet. denied*). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Nelson v City of Dallas*, 278 S.W.3d 90 (Tex. App.–Dallas 2009, pet. denied). 23, 24

*Nichols v. Byrne*, 1999 WL 58750 (Tex. App.—Corpus Christi 1999, no pet.). . 19

*Nicholson v. Fifth Third Bank*, 226 S.W.3d 581 (Tex. App.—Houston [1st Dist.] 2007, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Roob v. Von Beregshasy*, 866 S.W.2d 765 (Tex .App.—Houston [1st Dist.] 1993, *reh'g of writ overruled*). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Salley v. Houston Lighting and Power Co.*, 801 S.W.2d 230 (Tex. App.—Houston [1st Dist.] 2007, *writ denied*). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Staff v. Wied*, 470 S.W.3d 251 (Tex. App.– Houston [1st Dist.] 2015). . . 8, 9, 13, 14

*Sysco Food Servs., Inc. v. Trapnell,* 890 S.W.2d 796 (Tex.1994). . . . . . . . . . . . 24

*Tamayo v. Lucio*, 2013 WL 3770914 (Tex. App.-- Corpus Christi–Edinburg 2013, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Texas Education Agency v. Leeper*, 893 S.W.2d 432 (Tex.1994). . . . . . . . . . 19, 20

5

*Treadway v. Holder*, 309 S.W.3d 780, 784 (Tex. App.–Austin 2010, *pet. denied*) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 16

*Turnage v. JPI Multifamily, Inc.*, 64 S.W.3d 614 (Tex. App.–Houston [1st] 2001, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Turner v. Perry*, 278 S.W.3d 806 (Tex. App.--Houston [14 Dist.], 2009, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 21

Appellees' argument is contrary to well-settled Texas law. For that reason, Appellant writes to show that Appellees' attempt to sidestep the Legislature's mandate in Chapter 614 of the Government Code are without merit. He also shows that the other arguments offered to defeat liability are similarly without merit.

The question on appeal is whether, before firing this 15-year law enforcement officer, Appellees failed to provide him the procedural due process steps required under Texas law. This is a straightforward analysis. The statute can hardly be more clear, and the only relevant facts are undisputed.

## I. SUMMARY OF FLAWS IN APPELLEES' ARGUMENT

Simple questions call for simple answers. But as the answers do not favor Appellees, they instead devote almost 50% of their brief setting forth a parade of horribles they attribute to Paske.[1] Like the great and powerful Oz, Appellees offer little but a thin façade – a mask specially crafted to deceive the Court and hide the true state of affairs. But, when the Court pulls back the curtain, it will discover that, indeed, Appellees violated Chapter 614 of the Government Code. No amount

---

[1] These accusations are irrelevant. And beyond that, they suffer from a number of infirmities – some are downright false, others blatantly misrepresent the record, and others are hotly disputed. As these allegations also appeared in Appellees' Motion for Summary Judgment below, R.70, Appellant addressed them in great detail in his Response to that motion. R.2250-57.

of huffing and puffing can avoid or explain away the undeniable facts demonstrating as a matter of law that summary judgment was improperly granted in their favor, and that, instead Appellant is entitled to summary judgment.

They also argue that the statute does not apply to the situation at hand or, alternatively, that other untimely and irrelevant steps they undertook somehow substituted for the procedural protections mandated by law. Those arguments were most recently rejected in *Staff v. Wied*, 470 S.W.3d 251 (Tex. App.– Houston [1st Dist.] 2015), just as they were in a host of earlier decisions.

The arguments that do not rely on Chapter 614 are similarly unavailing. There is no flaw in the pleadings, the doctrine of sovereign immunity is not applicable, and an administrative decision on an unrelated matter is hardly res judicata.

## II. THE STATUTE'S REQUIREMENTS AND APPELLEES' INADEQUATE ARGUMENTS

The Legislature requires that, before a law enforcement agency may fire an officer for alleged misconduct, it must afford that officer the opportunity defend himself and show that the proposed firing is not supported by the evidence. First, the individual complaining of the alleged misconduct must reduce that complaint to writing. Second, the agency must provide a copy of that document to the officer.

And, third, the allegations in the complaint must be investigated and shown to have merit. TEX. GOVT. CODE §§ 614.022, 023(c).

## A. THE COMPLAINT WAS NOT IN WRITING

Fitzgerald did not reduce his allegations of Paske's misconduct to writing before he fired him. *See* Appellant's Brief at 4-6 (record references). Appellees do not contend otherwise. Instead they argue that they are simply immune from liability under the statute – an argument this Court explicitly rejected. *Staff v. Wied*, 470 S.W.3d 251 (Tex. App.– Houston [1st Dist.] 2015).

They argue that the law does not apply to them for two reasons. First, they claim that, because the allegation was made by the Chief of Police (Fitzgerald), it would be "unreasonable" to require that he spend any time committing his accusations to writing.[2] Second, they claim that, because the allegation originated within the agency and not with a third party, no complaint was necessary. This Court rejected both arguments in *Staff,* 470 S.W.3d at 261("the source of the allegations of the misconduct is immaterial; rather, "a 'complaint' for purposes of Subchapter B is any allegation of misconduct that could result in disciplinary action.") (*citing Treadway v. Holder*, 309 S.W.3d 780, 784 (Tex. App.–Austin

---

[2] The only authority they offer for the claim is the dissenting opinion in *Treadway v. Holder*, 309 S.W.3d 780 (Tex.App.-Austin 2010, *pet. denied*) (Waldrop, J., dissenting).

2010, *pet. denied*) (the law makes no exception for allegations of misconduct originating with an officer's supervisors)).[3]

Appellees seek, in other words, to simply ignore this Court's binding precedent along with the plain language in Chapter 614. So long as there is a reasonable construction that could give effect to the Legislature's pronouncement, after all, any argument contradicting that construction would render statutory language simply pointless. *Brown v. De La Cruz*, 156 S.W.3d 560, 566 (Tex. 2004) (*citing City of Laporte v. Barfed*, 898 S.W.2d 288, 292 (Tex.1995)).

## B. APPELLEES CLAIM THAT THEY COMPLIED WITH THE LAW BUT THEY DID NOT

Appellees claim that, even though they had no legal obligation to do so, they provided Paske all the procedural protections set forth in Chapter 614. One argument points to a letter he received two weeks before his termination that criticized his reaction when he was told he was demoted. Another is that they gave him 671 pieces of paper after he was fired – from which they withheld documents pertaining to his termination. Finally, they claim that a letter Appellees' counsel helped write 4-1/2 months after Paske was fired sufficed was sufficient to meet

---

[3] Additionally, Appellees misquote *Graves v Mack*, 246 S.W.3d 704 (Tex. App. --Houston [14th Dist] 2007, no pet.), leaving out the crucial fact that it involved a city in a collective bargaining agreement with its police officers, which means that Chapter 614 does not apply. Tex. Govt Code § 614.021(b). Missouri City had no such agreement with its officers.

Chapter 614's requirements of mandatory pre-termination protections.

### 1. The Pre-Termination Letter Does Not Comply With Chapter 614

Appellees claim that a letter Paske received before the events Fitzgerald says led to his termination shows that they followed Chapter 614. That claim is wholly without merit. That letter alleges that Paske became "visibly tense," his "face became red," he "tightened [his] body and fists and began shaking [his] legs. [And he] began to stare off to the left while shaking [his] head" when told he was demoted. R.711. But, according to what Fitzgerald reported to the City, he based his decision to fire Paske on the fact that Paske did not report to the police department within the one-hour he commanded on August 17, 2011 – not because Fitzgerald found it somehow objectionable that Paske was "visibly tense." R.2728.

Appellees argue that their position is supported by *Harris City. Sheriff's Civil Serv. Common v. Guthrie*, 423 S.W.3d 523 (Tex. App.-Houston [14th Dist.] 2014, *pet. denied*). There is no merit in this claim. The law enforcement officials in *Guthrie* did everything that Appellees failed to do. At the time they provided Guthrie a proposed termination letter, they also gave him documents collected during an internal affairs investigation in which he had taken part, their investigative report, a report from another law enforcement agency, and sworn statements from several witnesses, including the person whose interactions with

11

Guthrie "were at the heart of the allegation" and whose sworn statement provided "considerable detail." *Id.* at 531. Paske received nothing close to that.

### 2. The 671 Pieces of Paper Do Not Comply With Chapter 614

Appellees represent to the Court that Paske received 671 pieces of paper detailing the "specific allegations made against him that supported termination of his employment," as well as "an investigative report conducted by Assistant Chief of Police Keith Jamison." Neither assertion is true. The record shows conclusively that they successfully withheld documents about his termination when he made a post-termination request under the Texas Public Information Act. [R.1731-38, 2221-35, 2973).

These 671 pieces of paper are (1) the Texas Workforce Commission (TWC) records on Paske's claim for unemployment compensation benefits (R.1567-1730); (2) correspondence about his request under the TIA as well as many letters of commendation he received, his background check from 1996, and all the other mundane documents found in personnel files (R.1731-2235); and (3) a few letters from the Interim City Manager to Paske's attorneys, which were all written after Appellees decided that litigation was likely to result from their decision.[4]

---

[4] Appellees also claim that these 671 pieces of paper included the various documents listed in the December 31st letter. That is simply not true, as an examination of these pages show.

12

There is one two-page document among these 671 pieces of paper that was written before Paske was fired – an hour or so before Paske received it. A notice of termination hardly meets the mandate set out in Chapter 614 – as this Court held in *Staff*. 470 S.W.3d at 261. Further, while Appellees represent that it "details" the allegation, that is not true. It merely gives the number of a policy in the City's Personnel Policy and those of various policies in the police department's Code of Conduct. R.1712-1713. To no avail, Paske tried to get more detailed information as soon as he was fired. The very next day, he wrote to Fitzgerald and other City officials asking for a summary of each violation so that he could respond to each in his appeal. R.2459. The Appellees never responded.

### 3. The Letter Appellees' Counsel Helped the City Manager Write Months Later Does Not Comply with Chapter 614

As to their next argument, this too was rejected by this Court in *Staff*. Here, they represent to the Court that Paske was not fired until December 31, 2011, and thus was afforded the pre-termination protections mandated by Chapter 614. This claim is no more supported by the evidence than it was in *Staff*, where the Sheriff made the same argument. In that case, the Sheriff argued that the Performance Deficiency Notice Staff received on April 28, 2010, was merely a "recommendation" of discipline – that Staff was not fired until June 3, 2010, when

13

the Sheriff denied his administrative appeal of termination. This Court made short shrift of that assertion, noting that it was plain on the face of the earlier document, which recited that "the termination of Staff's employment is 'effective immediately.'" The same is true in this case.[5] And here, as in *Staff*, the discipline had already taken place before the second letter was written, a key fact in its determination that the agency violated Chapter 614. 470 S.W.3d at 261.

Second, there was no "independent" review. Appellees' counsel played a significant role in the creation of the document. When Paske sought discovery that would show the origin of the assertions made in that document, Appellees refused, claiming that it was protected by the attorney-client privilege. The federal district court agreed, denying Paske any discovery into who wrote and/or contributed to the various allegations set forth in the letter – because that information would violate the attorney-client privilege. SR.281-282.

---

[5] Fitzgerald's letter of August 17, 2011, informed Paske that, "effective on the date of this letter, your employment with the City of Missouri City Police Department ends." R.709-710, 2929.

### 4. In Violation of Chapter 614, Paske Had No Opportunity to Defend Himself; No Investigation That Might Have Challenged Fitzgerald's Hasty, Unilateral Decision

The telephone call in which Paske informed Fitzgerald that he could not come to the police department as commanded occurred at approximately 11:37 a.m. R.361, 363, 2813-2814. Within two hours, Fitzgerald had already drafted a letter to tell Paske that he was fired. R.2927. While Paske had suspected that Fitzgerald would use this occasion as an excuse to fire him, he knew he had nothing to hide, and was confident that, when he was given the opportunity, he would prove that there was no basis for Fitzgerald's decision, regardless of its basis. R.2999 ("just a simple investigation to all this would have cleared this up ... I would have never been fired, if there would have just been a simple investigation in regards to the events of August the 17th.")

By denying Paske the opportunity to defend his decision to return home to his children – who were without adult supervision – and by denying him the opportunity to gather and present information to refute the veracity of Fitzgerald's accusations, Appellees violated the purpose of Chapter 614, which is to provide law enforcement officers "procedural safeguards to reduce the risk that adverse

15

employment actions would be based on unsubstantiated complaints,"[6] and to "ensure] that the accused officer receives sufficient information to enable him to defend against the allegations." *Lang v. Texas Dept. of Public Safety*, 2014 WL 3562738 at *9 (Tex. App.--Austin July 18, 2014, no pet.) (*citing Treadway*, 309 S.W.3d at 784-85).

An investigation would have proven that the facts directly contradicted Fitzgerald's refusal to believe that Paske's mother-in-law was hit by a car, seriously injured, and taken to the hospital by ambulance. Paske did not know that Fitzgerald had chosen to brand him as a liar. Nor did Paske know that Fitzgerald was claiming that Paske was simply trying to avoid a drug test. Had there been an investigation of that accusation, the department would have learned that Paske was willing to take one on the spot, and that he took and passed one the next day. R.816, 255, 718, 2461. More significantly, the evidence would have shown that, contrary to Appellees' position, they were insistent that he be drug tested, but, instead of ordering one themselves, they directed the therapist to recommend that it take place. R.3024-39, 3047, 3056-58. Finally, an investigation could have easily noted the disparity between Fitzgerald's assertion that Paske was fired for

---

[6] *Turner v. Perry*, 278 S.W.3d 806, 823 (Tex. App.--Houston [14 Dist.], 2009, pet. denied).

16

not reporting to the police department on August 17, 2011, and what he meant by all the policy numbers listed on the termination letter. R. 2414.

### III. THE OTHER, EQUALLY UNSUPPORTED DEFENSES

Appellees claim that they can avoid their violation of state law through other means. They claim that since Paske's declaratory judgment action was not stated in his Original Petition, he could not assert any rights under that statute on appeal – an argument belied by well-settled law. Their plea to the jurisdiction is an argument that they are entitled to governmental immunity, but ignores the Declaratory Judgment Act, which waives sovereign immunity for governmental entities. They also claim that a post-termination administrative appeal of the box marked on his F-5 seals his fate.

### A. THE CLERK'S RECORD AND PASKE'S CLAIM UNDER THE DECLARATORY JUDGMENTS ACT

Appellees contend that, because Paske's claim under the Declaratory Judgment Act was not asserted in the pleadings he filed below, prior to removal to federal court, neither the evidence nor the law are relevant to this appeal. There is no merit to this argument, and no legal authorities support the proposition.

While it is generally true that a "trial court's judgment must conform to the pleadings," issues that are not raised in the pleadings will be treated as though they were stated therein if they are "tried by express or implied consent of the parties." *Flowers v. Flowers*, 407 S.W.3d 452, 457 (Tex. App.–Houston [14th Dist.] 2013). *See also* TEX.R.CIV.PRO. 67. And that is exactly what occurred at the district court. Appellees not only consented to the district court's consideration of this claim, they affirmatively invited it.[7] By so doing, they relieved Paske of any responsibility for amending his state court pleadings.

Avoiding any mention of this well-settled law of pleadings, Appellees turn to no fewer than nine cases that are not on point. None, in fact, hold that an appeal was lost because the record lacked a pleading that set forth the facts supporting the claim at issue. In four of the nine cases, the record on appeal was found insufficient because it did not include relevant evidence.[8] The results in the other

---

[7] In seeking summary judgment, Appellees advised the district court that the claim pending before the court was "based on Chapter 614 of the Government Code." R.73. That same information had been provided by the federal court when it remanded the claim to the 240th District Court of Fort Bend County. R.29-30, 62-65.

[8] *Enterprise Leasing Co. v. Barrios*, 156 S.W.3d 547, 549-550 (Tex. 2004) (no record of the discovery responses the trial court relied on); *Christiansen v. Prezelski*, 782 S.W.2d 842 (Tex. 1990) (trial testimony pertinent to the question on appeal was not included in the record); *Roob v. Von Beregshasy*, 866 S.W.2d 765, 766-767 (Tex .App.—Houston [1st Dist.] 1993, *reh'g of writ overruled*) (no record of the facts the appellant claimed were overlooked); *Salley v. Houston Lighting and Power Co.*, 801 S.W.2d 230, 231-232 (Tex. App.—Houston [1st Dist.] 2007, *writ denied*) (no record of the evidence that formed the basis of the sanctions order being challenged, or the evidence in opposition).

18

five cases Appellees cite as support for their contention resulted from similar omissions in the appellate record.[9]

Equally without merit is the notion that Paske violated TEX.R.APP.P. 34.5(a)(1). He did not. Rule 34.5(a)(1) requires that all live pleadings be included in the record, and the record on appeal in this case meets that requirement. This rule does not nullify or overrule TEX. R. CIV. PRO. 67.

## B. SOVEREIGN IMMUNITY IS UNAVAILABLE FOR CLAIMS BROUGHT UNDER THE DECLARATORY JUDGMENTS ACT

Appellees' only plea to the jurisdiction is that they have governmental immunity from Paske's claim. But, Paske's claim is under the Declaratory Judgment Act, which waives sovereign immunity for governmental entities. *Castro v. McNabb*, 319 S.W.3d 721, 732 (Tex. App.-El Paso 2009, no pet.) *(citing Texas Education Agency v. Leeper*, 893 S.W.2d 432, 436 (Tex.1994)).[10] And an

---

[9] *Mallios v. Standard Ins. Co.*, 237 S.W.3d 778, 783 (Tex. App.—Houston [14th Dist.] 2007, *pet. denied*) (no record of the summary judgment motion being challenged or the response); *Atchison v. Weingarten Realty Management Co.*, 916 S.W.2d 74, 76-77 (Tex. App.—Houston [1st Dist.] 1996, no writ) (motion for summary judgment on which appeal based was not in the record); *Nichols v. Byrne*, 1999 WL 58750 (Tex. App.—Corpus Christi 1999, no pet.) (not designated for publication) (same); *Fiesta Mart, Inc. v. Hall*, 886 S.W.2d 440, 442-443 (Tex. App.—Houston [1st Dist.] 1994, no writ) (statement of facts behind the trial court's fact finding not in the appellate record); *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (appellant failed to properly assign error).

[10] Appellees cite *City of Seagoville v. Lytle*, 227 S.W.3d 401 (Tex. App.--Dallas 2007, no pet.), but leave out an important holding from that case. Appellees ignore the fact that the court also held that a declaratory judgment action against the government seeking a declaration of a party's rights and status under a statute is not barred by governmental immunity. *Id.* at 410.

order requiring officials to comply with statutory provisions is not a remedy prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). This is known as an "*ultra vires exception*" to sovereign immunity. *Id*. ("*ultra vires* suits do not attempt to exert control over the state-they attempt to reassert the control of the state … these suits do not seek to alter government policy but rather to enforce existing policy.") To fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act. *Id*.

And this is precisely what the record proves: Fitzgerald, acting in his official capacity, admittedly failed to perform the requirements imposed on him by Chapter 614. Accordingly, a declaratory judgment to that effect is not barred by sovereign immunity, even if it results in Paske being awarded back pay,[11] reinstatement,[12] costs, and attorney fees. *Leeper*, 893 S.W.2d at 446 (DJA explicitly waives immunity for awards of costs and fees (*citing* TEX. CIV. PRAC. &

---

[11] *Guthery v. Taylor*, 112 S.W.3d 715, 724 (Tex. App.–Houston [14th Dist], 2003, no pet.) (ordering city to withdraw the disciplinary action and restore Guthery's position, along with back pay and benefits)

[12] *City of Seagoville v. Lytle*, 227 S.W.3d 401, 410 (Tex. App.--Dallas 2007, no pet.) (reinstatement not barred by governmental immunity)

20

REM. CODE § 37.009)). Contrary to the Appellees' assertions, an award of back pay is not barred. The very case the Appellees' cite, *Heinrich*, holds that when a statute creates an entitlement to payment, suits seeking to require an official to comply with the law are not barred by immunity merely because they, in effect, compel the governmental entity to make those payments. 284 S.W.3d at 371; *see also, Guthery*, 112 S.W.3d at 724 (ordering city to withdraw the disciplinary action and restore Guthery's position, along with back pay and benefits).

Chapter 614 is such a statute because it creates a statutory requirement that officers continue their employment until their law enforcement agency complies with the procedures to terminate them. This, in turn, creates an entitlement or a property interest. *See Turner*, 278 S.W.3d at 822 ( "A property interest protected by procedural due process arises where an individual has a legitimate claim of entitlement that is created, supported, or secured by rules or mutually explicit understandings."); *Tamayo v. Lucio*, 2013 WL 3770914, at *6 (Tex. App.-- Corpus Christi–Edinburg 2013, no pet.) (thanks to § 614, "Tamayo had a 'legitimate expectation of continued employment.'") Chapter 614 "created a property interest: in the absence of a complaint that was signed, delivered, investigated, and supported by evidence," giving the officer a "legitimate expectation of continued employment." *Tamayo*, 2013 WL 3770914 at *6 (*citing*

21

*Turner*, 278 S.W.3d at 822).

Thus, Fitzgerald and Missouri City are not immune from the relief sought by Paske.

### C. A POST-TERMINATION FINDING BY THE ADMINISTRATIVE LAW JUDGE IS NOT BINDING ON THIS COURT

While they cite no applicable legal authority for the proposition, Appellees claim that a decision made pursuant to Texas Occupation Code § 1701.452, *et seq.*, is final and binding on the question presented in this appeal: whether Appellees violated Chapter 614. As is evident from a reading of these statutes, however, a determination reached under this law has no relation to whether a law enforcement agency violated the mandatory provisions of Chapter 614. Indeed, the relevant portion of the Occupation Code contains a provision titled, "Limitation on Commissions Authority," which states:

> This subchapter does not authorize the commission to review disciplinary action taken by a law enforcement agency against a person licensed under this chapter or to issue a subpoena to compel the production of a document prepared or maintained by the agency in connection with a disciplinary matter.

Tex. Occ. Code § 1701.457. There is no legal authority that supports this position. It is an argument made up out of whole cloth. No court has held that Chapter 614 is satisfied with a post-termination hearing under this portion of the Occupation

22

Code.

With no applicable cases in support, Appellees cite to several cases in which an appellate court is evaluating the scope of a Civil Service hearing officer's authority. *City of Athens v MacAvoy*, 353 S.W.3d 905 (Tex. App. -Tyler 2011, pet. denied); *City of DeSoto v White*, 288 S.W.3d 389 (Tex. 2009); *Nelson v City of Dallas*, 278 S.W.3d 90 (Tex. App.–Dallas 2009, pet. denied) (Dallas uses its own form of civil service procedures)[13]; *Bracey v. City of Killeen*, 417 S.W.3d 94 (Tex. App.-Austin, 2013, no pet) (officer selected an independent hearing officer rather than the Civil Service Commission).

Appellees fail to note this important fact present in each of these cases, and how it distinguishes these cases from Paske's. Whether a Civil Service Hearing Officer exceeds his or her authority has nothing to do with whether Appellees complied with Chapter 614. In these opinions, the state appellate courts carefully examine a hearing officer's action and evaluate whether he or she had the ability to reinstate an officer. After all, "a hearing examiner is a tribunal of very limited jurisdiction, and that it exercises special functions as dictated by statute." *DeSoto*, 288 S.W.3d at 394 (hearing officer lacked authority to order reinstatement).

---

[13] Significantly, in *DeSoto*, the city gave the officer notice of the complaints against him, conducted two internal investigations prior to firing him, and notified the officer about certain appeal rights. 288 S.W.3d at 3941. Paske received none of that prior to his termination.

*DeSoto* and the other cases cited by Appellees are concerned with what a Civil Service-type hearing officer can and cannot do, not what a trial judge can and cannot do with a declaratory judgment claim. *See MacAvoy*, 353 S.W.3d at 910 ("we conclude that the hearing examiner exceeded his jurisdiction"); *Bracey*, 417 S.W.3d at 112 ("hearing examiners actually lack jurisdiction to impose reinstatement as an automatic or categorical remedy")[14] These rulings have no bearing on the issue before this Court.

What Appellees put forth is essentially a collateral estoppel argument without any basis in fact or law. But they cannot prevail on this theory. As set forth in *Sysco Food Servs., Inc. v. Trapnell,* 890 S.W.2d 796, 801 (Tex.1994), "[a] party seeking to assert the bar of collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." Whether Appellees complied with Chapter 614 was not even addressed, much less "fully and fairly litigated," in the administrative proceeding. R.05-118. Nor was there any

---

[14] While the *Nelson* decision does not fit this pattern, that is because the officers failed to exhaust administrative remedies with the city's civil service process and the disciplinary decision had yet to be made. There was no action by a hearing officer to evaluate. *Nelson*, 278 S.W.3d at 96. *Nelson* is totally inapplicable to Paske's claim.

24

consideration as to whether Appellees met the requirements mandated in Chapter 614.

While Appellees cite *Turnage v. JPI Multifamily, Inc.*, 64 S.W.3d 614, 617 (Tex. App.–Houston [1st] 2001, no pet.) in support of their argument, that case is not persuasive. There, the administrative law judge had to evaluate whether a police officer had reasonable suspicion and probable cause to subject Turnage to a breathalyzer test. Since Turnage's claim in district court would depend on that same question to evaluate whether the officer was acting as an agent of the defendant, it is unsurprising that collateral estoppel applied. That is not applicable to the matter on appeal in this case.

## IV. CONCLUSION

By the time an officer is fired, the harm is done. The bell cannot be un-rung.

The undisputed evidence shows that Appellees violated Chapter 614 of the Government Code, and there is no acceptable excuse for their failure to follow the clear language of the statute. Their arguments run contrary to the law. They insist, and ask the Court to hold, that Chapter 614 does not mean what it says. Their position would eviscerate Chapter 614, turning this law into a statute without purpose or effect.

Respectfully submitted,

/s/ Margaret A. Harris
State Bar No. 09081400
Paul R. Harris
State Bar No. 24059905
1007 Heights Boulevard
Houston, Texas 77008
(713) 526-5677
Fax: (888) 370-5038
margie@butlerharris.com
paul@butlerharris.com

## Certificate of Compliance

The brief was prepared using WordPerfect X5, and contains 4,557 words. I hereby certify that this opening brief complies with the type-volume limitation set out in Tex. R. App. P. 9(a)(2)(B).

/s/ Paul R. Harris

## Certificate of Service

I certify that on December 27, 2015, I mailed a copy of this brief to the following counsel by electronic filing:

Norman Giles
William S. Helfand
Chamberlain, Hrdlicka, White, Williams & Aughtry
1200 Smith, Suite 1400
Houston, Texas 77002

*Counsel for Appellees*